UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

DURAVEST, INC.,                                      Docket No.: 07 CIV 10590 (JSR)

                                Plaintiff,           ANSWER AND
                                                     CROSS-CLAIMS

        -against-

VISCARDI, AG; WOLLMUTH MAHER &                       DEFENDANTS DEMAND
DEUTSCH, LLP.; MASON H. DRAKE,                        TRIAL BY JURY
ESQ.; BRUCE O'DONNELL, CPA,
BRUCE O'DONNELL CPA/PFS,
P.A., BIOMEDICAL CONSULTANT SL,
RICHARD MARKOLL, and
ERNESTINE BINDER MARKOLL,

                                Defendants.

-------------------------------------------------------x

        Defendants WOLLMUTH MAHER & DEUTSCH LLP

("WOLLMUTH") and MASON H. DRAKE, ESQ. ("DRAKE"), by their attorneys,

ABRAMS, GORELICK, FRIEDMAN & JACOBSON, P.C., as and for their Answer and

Cross-Claims to plaintiff's Complaint allege, upon information and belief, as follows:

                            JURY DEMAND

        1.      Neither admits nor denies each and every allegation set forth in

paragraph "1" of the Complaint as no response is required to an allegation demanding a

jury trial.

          NATURE OF ACTION AND SUBJECT MATTER JURISDICTION

        2.      Deny each and every allegation set forth in paragraph "2" of the

Complaint.

3.      Deny each and every allegation set forth in paragraph "3" of the Complaint and refer to the contents of the documents.

4.      Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "4" of the Complaint.

5       Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "5" of the Complaint.

6.      Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "6" of the Complaint, except deny each and every allegation set forth in paragraph "6" of the Complaint concerning WOLLMUTH and DRAKE.

7.      Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "7" of the Complaint.

8.      Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "8" of the Complaint.

9.      Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "9" of the Complaint.

10.     Deny each and every allegation set forth in paragraph "10" of the Complaint and refer all questions of law to the Court.

<u>PARTIES AND VENUE</u>

11.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "11" of the Complaint.

12.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "12" of the Complaint.

13.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "13" of the Complaint.

14.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "14" of the Complaint.

15     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "15" of the Complaint.

16.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "16" of the Complaint.

17.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "17" of the Complaint.

18.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "18" of the Complaint.

19.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "19" of the Complaint.

20.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "20" of the Complaint.

21.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "21" of the Complaint.

22.     Admit the allegations contained in paragraph "22" of the Complaint.

22.     Admit the allegations contained in paragraph "23" of the Complaint.

24.      Deny each and every allegation set forth in paragraph "24" of the Complaint, except admit that at all relevant times, DRAKE was a contract partner employee at the WOLLMUTH firm but held no equity interest.

25.      Deny each and every allegation set forth in paragraph "25" of the Complaint, except admit that at times, DRAKE and WOLLMUTH did perform certain legal services for DURAVEST.

26.      Deny each and every allegation set forth in paragraph "26" of the Complaint, except admit that at times, DRAKE did perform certain legal services for DURAVEST.

27.      Deny each and every allegation set forth in paragraph "27" of the Complaint, except admit that at times, DRAKE and WOLLMUTH performed certain legal services for DURAVEST.

28.      Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "28" of the Complaint.

29.      Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "29" of the Complaint.

30.      Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "30" of the Complaint.

31.      Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "31" of the Complaint.

32.      Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "32" of the Complaint.

33.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "33" of the Complaint.

34.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "34" of the Complaint.

35.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "35" of the Complaint.

36.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "36" of the Complaint.

37.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "37" of the Complaint.

38.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "38" of the Complaint.

39.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "39" of the Complaint.

40.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "40" of the Complaint.

41.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "41" of the Complaint.

42.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "42" of the Complaint.

43.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "43" of the Complaint.

44.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "44" of the Complaint.

45.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "45" of the Complaint.

46.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "46" of the Complaint.

47.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "47" of the Complaint.

48.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "48" of the Complaint.

49.     Deny each and every allegation set forth in paragraph "49" of the Complaint and refers all questions of law to the Court.

50.     Deny each and every allegation set forth in paragraph "50" of the Complaint and refer all questions of law to the Court.

## FACTUAL BACKGROUND

### BMTS Corporate Pedigree

51.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "51" of the Complaint.

52.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "52" of the Complaint.

53.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "53" of the Complaint.

54.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "54" of the Complaint.

55.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "55" of the Complaint.

56.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "56" of the Complaint.

57.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "57 of the Complaint.

58.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "58" of the Complaint.

59.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "59" of the Complaint.

60.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "60" of the Complaint.

61.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "61" of the Complaint.

62.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "62" of the Complaint.

63.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "63" of the Complaint.

64.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "64" of the Complaint.

<u>Certain Defendants' Wrongful Pre-Purchase Representations</u>

A.    Individual Professional Backgrounds and Criminal History

65.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "65" of the Complaint.

66.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "66" of the Complaint.

67.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "67" of the Complaint.

68.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "68" of the Complaint.

69.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "69" of the Complaint.

70.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "70" of the Complaint.

71.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "71" of the Complaint.

72.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "72" of the Complaint.

73.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "73" of the Complaint.

B.    BMTS Intellectual Property "Rights"

74.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "74" of the Complaint.

75.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "75" of the Complaint.

76.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "76" of the Complaint.

77.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "77" of the Complaint.

78.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "78" of the Complaint.

79.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "79" of the Complaint.

C.    Clinical Studies and Results

80.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "80" of the Complaint.

81.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "81" of the Complaint.

D.    BMTS Operating Income

82.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "82" of the Complaint.

83.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "83" of the Complaint.

84.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "84" of the Complaint.

85. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "85" of the Complaint.

E. Loans Claimed from BMTS

86. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "86" of the Complaint.

87. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "87" of the Complaint.

88. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "88" of the Complaint.

F. Use of Telephone and Wire Services

89. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "89" of the Complaint.

90. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "90" of the Complaint.

91. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "91" of the Complaint.

Certain Defendants' Wrongful Post-Purchase Acts

A. Failure to Transfer, and Misuse of, Intellectual Property Rights

92. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "92" of the Complaint.

93. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "93" of the Complaint.

94.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "94" of the Complaint.

95.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "95" of the Complaint.

B.    Conversion of Transferred Purchase Monies

96.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "96" of the Complaint.

97.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "97" of the Complaint.

98.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "98" of the Complaint.

99.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "99" of the Complaint.

100.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "100" of the Complaint.

101.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "101" of the Complaint.

D.    Violation of Non-Competition Agreements

102.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "102" of the Complaint.

103.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "103" of the Complaint.

104.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "104" of the Complaint.

105.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "105" of the Complaint.

VISCARDI

106.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "106" of the Complaint.

107.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "107" of the Complaint.

108.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "108" of the Complaint.

109.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "109" of the Complaint.

110.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "110" of the Complaint.

111.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "111" of the Complaint.

112.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "112" of the Complaint.

113.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "113" of the Complaint.

114.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "114" of the Complaint.

115.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "115" of the Complaint.

116.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "116" of the Complaint.

117.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "117" of the Complaint.

118.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "118" of the Complaint.

Wollmuth

119.    Deny each and every allegation set forth in paragraph "119" of the Complaint, except admit that, at times, WOLLMUTH and DRAKE did provide certain legal services to plaintiff.

120.    Deny each and every allegation set forth in paragraph "120" of the Complaint, except admit that WOLLMUTH and DRAKE were attorneys licensed to practice law in New York, whose practice included corporate matters.

121.    Deny each and every allegation set forth in paragraph "121" of the Complaint, except admit that, at times, WOLLMUTH and DRAKE did provide certain legal services to plaintiff.

122.    Deny each and every allegation set forth in paragraph "122" of the Complaint, except admit that, at times, WOLLMUTH and DRAKE did provide certain legal services to plaintiff.

123.    Deny each and every allegation set forth in paragraph "123" of the Complaint.

124.    Deny each and every allegation set forth in paragraph "124" of the Complaint.

125.    Deny each and every allegation set forth in paragraph "125" of the Complaint, except admit that, at times, WOLLMUTH and DRAKE did provide certain legal services to plaintiff.

O'Donnell Defendants

126.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "126" of the Complaint.

127.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "127" of the Complaint.

128.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "128" of the Complaint.

129.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "129" of the Complaint.

130.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "130" of the Complaint.

131.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "131" of the Complaint.

132.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "132" of the Complaint.

133.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "133" of the Complaint.

134.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "134" of the Complaint.

135.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "135" of the Complaint.

136.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "136" of the Complaint.

137.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "137" of the Complaint.

138.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "138" of the Complaint.

139.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "139" of the Complaint.

<u>Markoll Defendants</u>

140.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "140" of the Complaint.

141.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "141" of the Complaint.

142.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "142" of the Complaint.

143.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "143" of the Complaint.

144.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "144" of the Complaint.

145.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "145" of the Complaint.

146.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "146" of the Complaint.

147.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "147" of the Complaint.

148.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "148" of the Complaint.

149.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "149" of the Complaint.

150.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "150" of the Complaint.

151.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "151" of the Complaint.

152.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "152" of the Complaint.

153.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "153" of the Complaint.

154.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "154" of the Complaint.

155.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "155" of the Complaint.

156.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "156" of the Complaint.

Damages Resulting Directly From Purchase

157.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "157" of the Complaint and respectfully refer the Court to the documents memorializing the transaction.

158.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "158" of the Complaint and respectfully refer the Court to the documents memorializing the transaction.

159.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "159" of the Complaint and respectfully refer the Court to the documents memorializing the transaction.

160.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "160" of the Complaint and respectfully refer the Court to the documents memorializing the transaction.

161.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "161" of the Complaint and respectfully refer the Court to the documents memorializing the transaction.

### AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION
FOR COMMON LAW FRAUD

162.    Repeat, reiterate and reallege each and every response to paragraphs "1" through "161", inclusive, of the Complaint in answer to paragraph "162" of the Complaint, with the same force and effect as if fully set forth herein.

163.    These answering defendants neither admit nor deny the truth of the allegations contained in paragraph "163" because the allegations do not make any claims against WOLLMUTH and DRAKE.  To the extent a response is required, these

answering defendants deny each and every allegation set forth in paragraph "163" of the Complaint.

164.    These answering defendants neither admit nor deny the truth of the allegations contained in paragraph "164" because the allegations do not make any claims against WOLLMUTH and DRAKE.  To the extent a response is required, these answering defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "164" of the Complaint.

165.    These answering defendants neither admit nor deny the truth of the allegations contained in paragraph "165" because the allegations do not make any claims against WOLLMUTH and DRAKE.  To the extent a response is required, these answering defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "165" of the Complaint.

166.    These answering defendants neither admit nor deny the truth of the allegations contained in paragraph "166" because the allegations do not make any claims against WOLLMUTH and DRAKE.  To the extent a response is required, these answering defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "166" of the Complaint.

167.    These answering defendants neither admit nor deny the truth of the allegations contained in paragraph "167" because the allegations do not make any claims against WOLLMUTH and DRAKE.  To the extent a response is required, these answering defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "167" of the Complaint.

168.    These answering defendants neither admit nor deny the truth of the allegations contained in paragraph "168" because the allegations do not make any claims against WOLLMUTH and DRAKE.  To the extent a response is required, these answering defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "168" of the Complaint.

169.    These answering defendants neither admit nor deny the truth of the allegations contained in paragraph "169" because the allegations do not make any claims against WOLLMUTH and DRAKE.  To the extent a response is required, these answering defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "169" of the Complaint.

170.    These answering defendants neither admit nor deny the truth of the allegations contained in paragraph "170" because the allegations do not make any claims against WOLLMUTH and DRAKE.  To the extent a response is required, these answering defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "170" of the Complaint.

AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION
ALLEGING THE EXISTENCE OF A CRIMINAL ENTERPRISE
AND DAMAGE THEREFROM IN VIOLATION OF 18 U.S.C. §1962(c) and (d)

171.    Repeat, reiterate and reallege each and every response to paragraphs "1" through "170", inclusive, of the Complaint in answer to paragraph "171" of the Complaint, with the same force and effect as if fully set forth herein.

172.    These answering defendants neither admit nor deny the truth of the allegations contained in paragraph "171" because the allegations do not make any claims against WOLLMUTH and DRAKE.  To the extent a response is required, these

answering defendants deny  knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "172" of the Complaint.

173.    These answering defendants neither admit nor deny the truth of the allegations contained in paragraph "173" because the allegations do not make any claims against WOLLMUTH and DRAKE.  To the extent a response is required, these answering defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "173" of the Complaint and refer all questions of law to the Court.

174.    These answering defendants neither admit nor deny the truth of the allegations contained in paragraph "174" because the allegations do not make any claims against WOLLMUTH and DRAKE.  To the extent a response is required, these answering defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "174" of the Complaint and refer all questions of law to the Court.

175.    These answering defendants neither admit nor deny the truth of the allegations contained in paragraph "175" because the allegations do not make any claims against WOLLMUTH and DRAKE.  To the extent a response is required, these answering defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "175" of the Complaint and refer all questions of law to the Court.

176.    These answering defendants neither admit nor deny the truth of the allegations contained in paragraph "176" because the allegations do not make any claims against WOLLMUTH and DRAKE.  To the extent a response is required, these

answering defendants deny each and every allegation set forth in paragraph "176" of the Complaint.

177.    These answering defendants neither admit nor deny the truth of the allegations contained in paragraph "177" because the allegations do not make any claims against WOLLMUTH and DRAKE.  To the extent a response is required, these answering defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "177" of the Complaint and refer all questions of law to the Court.

178.    These answering defendants neither admit nor deny the truth of the allegations contained in paragraph "178" because the allegations do not make any claims against WOLLMUTH and DRAKE.  To the extent a response is required, these answering defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "178" of the Complaint and refer all questions of law to the Court.

179.    These answering defendants neither admit nor deny the truth of the allegations contained in paragraph "179" because the allegations do not make any claims against WOLLMUTH and DRAKE.  To the extent a response is required, these answering defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "179" of the Complaint and refer all questions of law to the Court.

180.    These answering defendants neither admit nor deny the truth of the allegations contained in paragraph "180" because the allegations do not make any claims against WOLLMUTH and DRAKE.  To the extent a response is required, these

answering defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "180" of the Complaint and refer all questions of law to the Court.

181.    These answering defendants neither admit nor deny the truth of the allegations contained in paragraph "181" because the allegations do not make any claims against WOLLMUTH and DRAKE.  To the extent a response is required, these answering defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "181" of the Complaint.

182.    These answering defendants neither admit nor deny the truth of the allegations contained in paragraph "182" because the allegations do not make any claims against WOLLMUTH and DRAKE.  To the extent a response is required, these answering defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "182" of the Complaint.

183.    These answering defendants neither admit nor deny the truth of the allegations contained in paragraph "183" because the allegations do not make any claims against WOLLMUTH and DRAKE.  To the extent a response is required, these answering defendants deny each and every allegation set forth in paragraph "183" of the Complaint.

184.    These answering defendants neither admit nor deny the truth of the allegations contained in paragraph "184" because the allegations do not make any claims against WOLLMUTH and DRAKE.  To the extent a response is required, these answering defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "184" of the Complaint.

185.    These answering defendants neither admit nor deny the truth of the allegations contained in paragraph "185" because the allegations do not make any claims against WOLLMUTH and DRAKE.  To the extent a response is required, these answering defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "185" of the Complaint and refer all questions of law to the Court.

AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION<br>FOR CONVERSION

186.    Repeat, reiterate and reallege each and every response to paragraphs "1" through "185", inclusive, of the Complaint in answer to paragraph "186" of the Complaint, with the same force and effect as if fully set forth herein.

187.    These answering defendants neither admit nor deny the truth of the allegations contained in paragraph "187" because the allegations do not make any claims against WOLLMUTH and DRAKE.  To the extent a response is required, these answering defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "187" of the Complaint.

188.    These answering defendants neither admit nor deny the truth of the allegations contained in paragraph "188" because the allegations do not make any claims against WOLLMUTH and DRAKE.  To the extent a response is required, these answering defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "188" of the Complaint.

189.    These answering defendants neither admit nor deny the truth of the allegations contained in paragraph "189" because the allegations do not make any claims against WOLLMUTH and DRAKE.  To the extent a response is required, these

answering defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "189" of the Complaint.

AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION<br>FOR BREACH OF CONTRACT

190.     Repeat, reiterate and reallege each and every response to paragraphs "1" through "189", inclusive, of the Complaint in answer to paragraph "190" of the Complaint, with the same force and effect as if fully set forth herein.

191.     These answering defendants neither admit nor deny the truth of the allegations contained in paragraph "191" because the allegations do not make any claims against WOLLMUTH and DRAKE.  To the extent a response is required, these answering defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "191" of the Complaint.

192.     These answering defendants neither admit nor deny the truth of the allegations contained in paragraph "192" because the allegations do not make any claims against WOLLMUTH and DRAKE.  To the extent a response is required, these answering defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "192" of the Complaint.

193.     These answering defendants neither admit nor deny the truth of the allegations contained in paragraph "193" because the allegations do not make any claims against WOLLMUTH and DRAKE.  To the extent a response is required, these answering defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "193" of the Complaint.

194.     These answering defendants neither admit nor deny the truth of the allegations contained in paragraph "194" because the allegations do not make any claims

against WOLLMUTH and DRAKE. To the extent a response is required, these answering defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "194" of the Complaint.

### AS AND FOR AN ANSWER TO THE FIFTH CAUSE OF ACTION FOR PROFESSIONAL MALPRACTICE

195.    Repeat, reiterate and reallege each and every response to paragraphs "1" through "194", inclusive, of the Complaint in answer to paragraph "195" of the Complaint, with the same force and effect as if fully set forth herein.

196.    Deny each and every allegation set forth in paragraph "196" of the Complaint.

197.    Deny each and every allegation set forth in paragraph "197" of the Complaint.

198.    Deny each and every allegation set forth in paragraph "198" of the Complaint.

199.    Deny each and every allegation set forth in paragraph "199" of the Complaint.

200.    Deny each and every allegation set forth in paragraph "200" of the Complaint.

201.    Deny each and every allegation set forth in paragraph "201" of the Complaint.

202.    Deny each and every allegation set forth in paragraph "202" of the Complaint.

AS AND FOR AN ANSWER TO THE SIXTH CAUSE OF ACTION
FOR LIABILITY BASED ON VIOLATION OF 15 U.S.C. §78(J)

203.    Repeat, reiterate and reallege each and every response to
paragraphs "1" through "202", inclusive, of the Complaint in answer to paragraph "203"
of the Complaint, with the same force and effect as if fully set forth herein.

204.    These answering defendants neither admit nor deny the truth of the
allegations contained in paragraph "204" because the allegations do not make any claims
against WOLLMUTH and DRAKE.  To the extent a response is required, these
answering defendants deny knowledge or information sufficient to form a belief as to the
truth of each and every allegation set forth in paragraph "204" of the Complaint and refer
all questions of law to the Court.

205.    These answering defendants neither admit nor deny the truth of the
allegations contained in paragraph "205" because the allegations do not make any claims
against WOLLMUTH and DRAKE.  To the extent a response is required, these
answering defendants deny knowledge or information sufficient to form a belief as to the
truth of each and every allegation set forth in paragraph "205" of the Complaint.

206.    These answering defendants neither admit nor deny the truth of the
allegations contained in paragraph "206" because the allegations do not make any claims
against WOLLMUTH and DRAKE.  To the extent a response is required, these
answering defendants deny knowledge or information sufficient to form a belief as to the
truth of each and every allegation set forth in paragraph "206" of the Complaint and refer
all questions of law to the Court.

207.    These answering defendants neither admit nor deny the truth of the
allegations contained in paragraph "207" because the allegations do not make any claims

against WOLLMUTH and DRAKE. To the extent a response is required, these answering defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "207" of the Complaint.

208. These answering defendants neither admit nor deny the truth of the allegations contained in paragraph "208" because the allegations do not make any claims against WOLLMUTH and DRAKE. To the extent a response is required, these answering defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "208" of the Complaint and refer all questions of law to the Court.

209. These answering defendants neither admit nor deny the truth of the allegations contained in paragraph "209" because the allegations do not make any claims against WOLLMUTH and DRAKE. To the extent a response is required, these answering defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "209" of the Complaint.

AS AND FOR A SEVENTH CAUSE OF ACTION FOR<br>LIABILITY BASED ON VIOLATION OF 15 U.S.C. §77(1)

210. Repeat, reiterate and reallege each and every response to paragraphs "1" through "209", inclusive, of the Complaint in answer to paragraph "210" of the Complaint, with the same force and effect as if fully set forth herein.

211. These answering defendants neither admit nor deny the truth of the allegations contained in paragraph "211" because the allegations do not make any claims against WOLLMUTH and DRAKE. To the extent a response is required, these answering defendants deny each and every allegation set forth in paragraph "211" of the Complaint and refer all questions of law to the Court.

212.    These answering defendants neither admit nor deny the truth of the allegations contained in paragraph "212" because the allegations do not make any claims against WOLLMUTH and DRAKE.  To the extent a response is required, these answering defendants deny each and every allegation set forth in paragraph "212" of the Complaint and refer all questions of law to the Court.

213.    These answering defendants neither admit nor deny the truth of the allegations contained in paragraph "213" because the allegations do not make any claims against WOLLMUTH and DRAKE.  To the extent a response is required, these answering defendants deny each and every allegation set forth in paragraph "213" of the Complaint.

214.    These answering defendants neither admit nor deny the truth of the allegations contained in paragraph "214" because the allegations do not make any claims against WOLLMUTH and DRAKE.  To the extent a response is required, these answering defendants deny each and every allegation set forth in paragraph "214" of the Complaint.

215.    These answering defendants neither admit nor deny the truth of the allegations contained in paragraph "215" because the allegations do not make any claims against WOLLMUTH and DRAKE.  To the extent a response is required, these answering defendants deny each and every allegation set forth in paragraph "215" of the Complaint.

216.    These answering defendants neither admit nor deny the truth of the allegations contained in paragraph "216" because the allegations do not make any claims against WOLLMUTH and DRAKE.  To the extent a response is required, these

answering defendants deny each and every allegation set forth in paragraph "216" of the Complaint and refer all questions of law to the Court.

217.    These answering defendants neither admit nor deny the truth of the allegations contained in paragraph "217" because the allegations do not make any claims against WOLLMUTH and DRAKE. To the extent a response is required, these answering defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "217" of the Complaint.

218.    These answering defendants neither admit nor deny the truth of the allegations contained in paragraph "218" because the allegations do not make any claims against WOLLMUTH and DRAKE. To the extent a response is required, these answering defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "218" of the Complaint.

AS AND FOR AN ANSWER TO THE EIGHTH CAUSE OF ACTION
FOR COMMON LAW NEGLIGENCE

219.    Repeat, reiterate and reallege each and every response to paragraphs "1" through "218", inclusive, of the Complaint in answer to paragraph "219" of the Complaint, with the same force and effect as if fully set forth herein.

220.    These answering defendants neither admit nor deny the truth of the allegations contained in paragraph "220" because the allegations do not make any claims against WOLLMUTH and DRAKE. To the extent a response is required, these answering defendants deny each and every allegation set forth in paragraph "220" of the Complaint and refer all questions of law to the Court.

221.    These answering defendants neither admit nor deny the truth of the allegations contained in paragraph "221" because the allegations do not make any claims

against WOLLMUTH and DRAKE. To the extent a response is required, these answering defendants deny each and every allegation set forth in paragraphs "221" of the Complaint.

222.    These answering defendants neither admit nor deny the truth of the allegations contained in paragraph "222" because the allegations do not make any claims against WOLLMUTH and DRAKE. To the extent a response is required, these answering defendants deny each and every allegation set forth in paragraphs "222" of the Complaint.

223.    These answering defendants neither admit nor deny the truth of the allegations contained in paragraph "223" because the allegations do not make any claims against WOLLMUTH and DRAKE. To the extent a response is required, these answering defendants deny each and every allegation set forth in paragraphs "223" of the Complaint.

224.    These answering defendants neither admit nor deny the truth of the allegations contained in paragraph "224" because the allegations do not make any claims against WOLLMUTH and DRAKE. To the extent a response is required, these answering defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraphs "224" of the Complaint.

## AS AND FOR A FIRST DEFENSE

225.     This Court lacks subject matter jurisdiction over this matter, and as a result, this Court should not exercise supplemental jurisdiction over the claims asserted against these answering defendants.

## AS AND FOR A SECOND DEFENSE

226.     At the time that these answering defendants were contacted in connection with DURAVEST's proposed acquisition of BMTS, a Subscription Agreement that outlined the key terms of the acquisition had already been prepared by others.

## AS AND FOR A THIRD DEFENSE

227.     At the time these answering defendants were first substantively contacted in connection with DURAVEST's proposed acquisition of BMTS, a Subscription Agreement which outlined the key terms of the agreement, prepared by others, had been signed on November 25, 2005, by Ogan Gurel, M.D., on behalf of DURAVEST, and by RICHARD MARKOLL, M.D., on behalf of BMTS.

## AS AND FOR A FOURTH DEFENSE

228.     Prior to the signing of the Subscription Agreement, due diligence regarding the transaction and an analysis of the transaction, had been completed by others.

## AS AND FOR A FIFTH DEFENSE

229.     Paragraph 4 of the signed Subscription Agreement is entitled "Representations," and includes representations and warranties of Subscriber DURAVEST with regard to its independent investigation and analysis of the investment

in BMTS. Paragraph 4(a) of the signed Subscription Agreement is entitled "Analysis of

Investment". Those sections, together, state as follows:

> "4.    Representations
>
> In connection with the Subscriber's subscription for Shares and becoming a holder of Shares, the Subscriber hereby represents, warrants, acknowledges, covenants and agrees as follows:
>
>> a.    Analysis of Investment. The undersigned has (i) analyzed and reviewed the investment, and (ii) had an opportunity to ask questions of and receive answers from BMTS officers and directors concerning subscription, and to obtain any additional information which BMTS possesses or can acquire that is necessary to verify the accuracy of the information furnished. In particular, the Subscriber acknowledges and agrees that the Subscriber has been given access to, or has been furnished with, all material books and records of BMTS and all material contracts and documents. All questions have been answered, and all additional information has been provided, all to the full satisfaction of the undersigned."

In addition, paragraph 4(i) of the Subscription Agreement, entitled "Risk

of Loss," contains the following representation and warranty of plaintiff Subscriber

DURAVEST:

> "The Subscriber recognizes that an investment in the Shares is highly speculative and involves a substantial risk of loss of the entire investment, and involves significant and material risks."

<u>AS AND FOR A SIXTH DEFENSE</u>

230.    Based on the representation in the Subscription Agreement, set

forth in the immediately preceding affirmative defense, these answering defendants were

justified in relying on those Representations, e.g., that due diligence had been performed

by others, prior to the execution of the Subscription Agreement.

AS AND FOR A SEVENTH DEFENSE

231.    These answering defendants also had been advised by and had relied upon statements made by Ogan Gurel of DURAVEST that due diligence has been completed by VISCARDI.

AS AND FOR AN EIGHTH DEFENSE

232.    After review of the signed subscription agreement, which contained no representations from BMTS to DURAVEST, DRAKE counseled DURAVEST to secure Representations and Warranties from BMTS.  In furtherance of that counsel, DRAKE forwarded an e-mail to Martin Schaffer, Esq. of the law firm of Shulman, Rogers, Gandal, Pordy and Ecker, P.A., counsel for BMTS, requesting Representations and Warranties to DURAVEST.  That e-mail, dated November 28, 2005, 3:40 p.m. (CST), provided the following:

> "Martin – I'm a lawyer representing Duravest and only just had a chance after the Thanksgiving holiday to review the Subscription Agreement in any detail.  From a due diligence perspective, it does not contain the usual reps and warranties I would expect from an issuer such as existence, authorization, no conflicts, capitalization, absence of litigation, financials, etc.  I do not propose making these onerous but I do think it necessary that we either amend the Subscription Agreement to contain them or fashion a side letter to the Subscription Agreement.
>
> Please let me know if this is acceptable to you and I'll draft a set of the relevant provisions.
>
> Best regards,
>
> Max Drake"

## AS AND FOR A NINTH DEFENSE

233.    Upon receipt of the e-mail, referred to in the immediately preceding affirmative defense, counsel for BMTS responded by e-mail dated November 28, 2005 2:49 p.m. (EST).  The responding e-mail constitutes an admission that due diligence for the proposed acquisition had been completed by the VISCARDI GROUP. The e-mail provided:

> "Max,
>
> I did not include those reps or warranties because Viscardi Group had already undertaken that review.  Nonetheless, if you are suggesting some basic reps and it will help to move this transaction along, I am sure we can reach an agreement.  Please send me your proposal."

The foregoing reliance on VISCARDI by plaintiff DURAVEST with respect to the due diligence analysis of BMTS was independently confirmed orally to DRAKE by Dr. Ogan Gurel, CEO of DURAVEST, and certain legal due diligence due diligence documents of BMTS being in the possession of and transmitted to DRAKE by VISCARDI and its in-house lawyer.

## AS AND FOR A TENTH DEFENSE

234.    When DURAVEST initially contacted WOLLMUTH and DRAKE, DURAVEST directed that WOLLMUTH and DRAKE work solely to draft the promissory notes necessary to provide for the financing of the proposed acquisition.  Said promissory notes were prepared by DRAKE on November 28, 2005.

## AS AND FOR AN ELEVENTH DEFENSE

235.    The defendants WOLLMUTH and DRAKE have not breached any duty that they may have owed to plaintiff DURAVEST.

## AS AND FOR A TWELFTH DEFENSE

236.    There were no actual or ascertainable damages sustained by plaintiff DURAVEST proximately caused by the conduct of the defendants WOLLMUTH and DRAKE.

## AS AND FOR A THIRTEENTH DEFENSE

237.    Plaintiff DURAVEST is unable to establish that but for the alleged professional negligence of WOLLMUTH and DRAKE, it would not have sustained actual or ascertainable damages and/or that, the result would have been more favorable to it.

## **AS AND FOR A FOURTEENTH DEFENSE**

238.    That if the accident, injuries and damages occurred as alleged by DURAVEST in its Complaint, said injuries and/or damages were, in whole or in part, attributable to the culpable conduct of DURAVEST including, but not limited to, negligence, carelessness, recklessness and/or assumption of risk.

239.    By reason of the foregoing, this answering defendants demand that any damages recovered or any judgment recovered by plaintiff against said defendants be reduced accordingly, pursuant to the common law and CPLR § 1411, in the proportion which the culpable conduct attributable to plaintiff bears to the culpable conduct, if any, of said defendant.

## **AS AND FOR A FIFTEENTH DEFENSE**

240.    Plaintiff's Complaint fails to state a cause of action upon which relief may be granted against these answering defendants.

## **AS AND FOR A SIXTEENTH DEFENSE**

241.    That, to the extent that the alleged damages and/or injuries of plaintiff, if any, were caused or contributed to, in whole or in part, by intervening and superseding causative factors, the claims of plaintiff against this answering defendants should be barred.

## AS AND FOR A SEVENTEENTH DEFENSE

242.    Pursuant to the limited liability provisions of § 1601 of the Civil Practice Law and Rules, these answering defendants' liability, if any, shall be limited to their respective equitable share of the total liability.

## AS AND FOR AN EIGHTEENTH DEFENSE

243.    If the plaintiff was damaged as alleged in its Complaint, which damages are expressly denied, then such damages were the result, in whole or in part, of the conduct of the plaintiff and/or others over whom the answering defendants exercised no influence or control and to the extent that the answering defendants may be liable to the plaintiff, such liability should be in proportion to the percentage that the answering defendants' conduct relates to the conduct of the plaintiff and/or others in causing the damage, and apportioned pursuant to Articles 14 and 16 of the CPLR.

## AS AND FOR A NINETEENTH DEFENSE

244.    Plaintiff DURAVEST has failed to take the necessary steps to mitigate their damages.

## AS AND FOR A TWENTIETH DEFENSE

245.    The damages which plaintiff claims to have sustained were not reasonably foreseeable to these answering defendants.

246.    These answering defendants reserve their rights to assert additional defenses as they arise during this litigation.

## AS AND FOR A FIRST CROSS-CLAIM
## AGAINST VISCARDI, AG, BRUCE O'DONNELL, CPA, BRUCE O'DONNELL, CPA/PFS, P.A. BIOMEDICAL CONSULTANT SL, RICHARD MARKOLL and ERNESTINE BINDER MARKOLL

247.    That if the plaintiff was caused to sustain injuries and/or damages at the time and place and in the manner set forth in the plaintiff's Complaint through any carelessness, recklessness, negligence, acts, omissions, and/or breaches of duty and/or warranty and/or contract and/or statute, other than the plaintiff's own negligence, carelessness, recklessness, or other culpable conduct, said damages were sustained by reason of the carelessness, recklessness, negligence and/or affirmative acts of omission and commission including, but not limited to, breach of contract, and/or warranty and/or statute by the co-defendants, VISCARDI, AG, BRUCE O'DONNELL, CPA, BRUCE O'DONNELL, CPA/PFS, P.A. BIOMEDICAL CONSULTANT SL, RICHARD MARKOLL and ERNESTINE BINDER MARKOLL, their agents, servants and/or employees, without any negligence or other culpable conduct on the part of the answering defendant contributing thereto.

248.    That by reason of the foregoing, the answering defendants will not be liable to the plaintiff or the co-defendants in the event and in the amount of recovery herein by the plaintiff, and the answering defendants are entitled to indemnification from the co-defendants, VISCARDI, AG, BRUCE O'DONNELL, CPA, BRUCE O'DONNELL, CPA/PFS, P.A. BIOMEDICAL CONSULTANT SL, RICHARD MARKOLL and ERNESTINE BINDER MARKOLL.

## AS AND FOR A SECOND CROSS-CLAIM
## AGAINST VISCARDI, AG, BRUCE O'DONNELL, CPA, BRUCE O'DONNELL, CPA/PFS, P.A. BIOMEDICAL CONSULTANT SL, RICHARD MARKOLL and ERNESTINE BINDER MARKOLL

249.    That if the plaintiff was caused to sustain injuries and/or damages at the time and place and in the manner set forth in the plaintiff's Complaint through any carelessness, recklessness, negligence, acts, omissions, and/or breaches of duty and/or warranty and/or contract and/or statute, or other culpable conduct, other than the plaintiff's own negligence, carelessness, recklessness, or other culpable conduct, and if plaintiff should recover a verdict or judgment against the answering defendant, they will be damaged thereby, and such injuries or damages and verdict or judgment will have been brought about, cause and sustained by reason of the active and/or primary and/or affirmative carelessness, recklessness, negligence, culpable conduct and/or affirmative acts of omission and commission including, but not limited to, breach of contract, and/or warranty and/or statute and/or wrongdoing by the co-defendants, VISCARDI, AG, BRUCE O'DONNELL, CPA, BRUCE O'DONNELL, CPA/PFS, P.A. BIOMEDICAL CONSULTANT SL, RICHARD MARKOLL and ERNESTINE BINDER MARKOLL, their agents, servants and/or employees, without any negligence on the part of the answering defendant contributing thereto or with the negligence, if any, on the part of the answering defendant, which is specifically denied, being merely passive, secondary and/or derivative in nature.  By reason of the foregoing, the answering defendants are entitled to indemnification by said co-defendants, VISCARDI, AG, BRUCE O'DONNELL, CPA, BRUCE O'DONNELL, CPA/PFS, P.A. BIOMEDICAL CONSULTANT SL, RICHARD MARKOLL and ERNESTINE BINDER MARKOLL.

250.    By reason of the foregoing, if plaintiff recovers any verdict or judgment against the answering defendants, the co-defendants, VISCARDI, AG, BRUCE O'DONNELL, CPA, BRUCE O'DONNELL, CPA/PFS, P.A. BIOMEDICAL CONSULTANT SL, RICHARD MARKOLL and ERNESTINE BINDER MARKOLL, will be liable to the answering defendant under the doctrine of apportionment, contribution and/or indemnification for the full amount of any verdict and judgment, or for a proportionment share thereof, that plaintiff may recover against or from the answering defendant, including, but not limited to, the costs of investigation and attorneys' fees and disbursements incurred in the defense of this action and the prosecution of this cross-claim, and the answering defendant will not be liable to the co-defendants, VISCARDI, AG, BRUCE O'DONNELL, CPA, BRUCE O'DONNELL, CPA/PFS, P.A. BIOMEDICAL CONSULTANT SL, RICHARD MARKOLL and ERNESTINE BINDER MARKOLL, in the event and in the amount of any recovery herein by the plaintiff.

WHEREFORE, the answering defendants, WOLLMUTH MAHER & DEUTSCH LLP and MASON H. DRAKE, ESQ., demand judgment dismissing the Complaint as to them, together with the costs and disbursements of this action, or, in the alternative, demand that the ultimate rights of the plaintiff, answering defendants, and co-defendants, VISCARDI, AG, BRUCE O'DONNELL, CPA, BRUCE O'DONNELL, CPA/PFS, P.A. BIOMEDICAL CONSULTANT SL, RICHARD MARKOLL and ERNESTINE BINDER MARKOLL, be determined in this action with regard to all claims, and cross-claims and that the answering defendants have judgment over and against the plaintiff, and the co-defendants, VISCARDI, AG, BRUCE O'DONNELL,

CPA, BRUCE O'DONNELL, CPA/PFS, P.A. BIOMEDICAL CONSULTANT SL,

RICHARD MARKOLL and ERNESTINE BINDER MARKOLL, each of them, in the

proportion that each of their culpable conduct bears to the entire culpable conduct

involved in the occurrence, and have judgment over and against, and indemnity from the

plaintiff, DURAVEST, INC. and the co-defendants, VISCARDI, AG, BRUCE

O'DONNELL, CPA, BRUCE O'DONNELL, CPA/PFS, P.A. BIOMEDICAL

CONSULTANT SL, RICHARD MARKOLL and ERNESTINE BINDER MARKOLL,

together with the costs and disbursements of this action, and with such other relief as this

Court deems just and proper.

Dated: New York, New York
      February 1, 2008

                        ABRAMS, GORELICK, FRIEDMAN &
                        JACOBSON, P.C.
                        Attorneys for Defendant
                        Wollmuth Maher & Deutsch LLP
                        and Mason H. Drake, Esq.

                        By:_____
                            Barry Jacobs (BJ-0216)
                        One Battery Park Plaza – 4th Floor
                        New York, New York  10004
                        (212) 422-1200

6615
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

DURAVEST, INC.,                                          Docket No.: 07 CIV 10590

                        Plaintiff,

        -against-

VISCARDI, AG; WOLLMUTH, MAHER &
DEUTSCH LLP.; MASON H. DRAKE,
ESQ.; BRUCE O'DONNELL, CPA/PFS, P.A.;
RICHARD MARKOLL, BIOMEDICAL
CONSULTANT SL; and ERNESTINE
BINDER MARKOLL,
                        Defendant.

-------------------------------------------------------x

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2008, the foregoing Amended Answer with Cross-Claims

was filed with the Clerk of the Court and served in accordance with the Southern District's Rules

on Electronic Service and Local Rule 5.2 upon the following:

Luis F. Ras, Esq.                          Ameet Balvant Kabrawala, Esq.
RAS Associates, PLLC                       Landman Corsi Ballaine & Ford, P.C.
Attorneys for Plaintiff                    Attorneys for Defendant
Duravest, Inc.                             Bruce O'Donnell CPA/PFS, P.A.
Ten Bank Street                            120 Broadway
White Plains, New York 10606               27th Floor
                                           New York, NY 10271

**NO OTHER PARTIES HAVE APPEARED**

                                ABRAMS, GORELICK, FRIEDMAN &
                                JACOBSON, P.C.
                                Attorneys for Defendant
                                Wollmuth Maher & Deutsch, LLP.
                                and Mason H. Drake, Esq.

1

By: _____
Barry Jacobs (BJ-0216)
One Battery Park Plaza – 4th Floor
New York, New York 10004
(212) 422-1200