UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
DURAVEST, INC.,

    Plaintiff,

  - against -

VISCARDI, AG, WOLLMUTH MAHER & DEUTSCH, LLP,
MASON H. DRAKE, ESQ., BRUCE O'DONNELL, CPA,
BRUCE O' DONNELL CPA/PFS, P.A., BIOMEDICAL
CONSULTANT SL, RICHARD MARKOLL, and ERNESTINE
BINDER MARKOLL,

    Defendants.
--------------------------------------------------------------------------X

07 Civ. 10590 (JSR)

---

**REPLY MEMORANDUM OF LAW OF DEFENDANTS BRUCE O'DONNELL, CPA
AND BRUCE O'DONNELL CPA/PFS, P.A. IN FURTHER SUPPORT OF MOTION TO DISMISS**

---

Of Counsel
    Stephen Jacobs
    Ameet Kabrawala

LANDMAN CORSI BALLAINE & FORD P.C.
120 Broadway
NEW YORK, N.Y. 10271-0079
(212) 238-4800

TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................. ii

INTRODUCTION ........................................................... 1

ARGUMENT ................................................................. 2

    I.    APPLICABLE LEGAL STANDARDS ................................. 2

    II.    PLAINTIFF'S RICO CLAIMS AGAINST O'DONNELL SHOULD
           BE DISMISSED ................................................... 3

           A.    Plaintiff Fails to Coherently, Much Less Plausibly, Allege an "Enterprise" ............................................ 3

           B.    Plaintiff Fails to Allege RICO Participation by O'Donnell ............ 4

           C.    Plaintiff Has Failed to Adequately Allege Predicate Acts ............. 6

           D.    Plaintiff Has Failed to Allege a Pattern of Racketeering Activity ...... 7

           E.    Plaintiff's Conspiracy Claim Under Section 18 U.S.C. §1962(d) Also Fails ............................................... 8

    III.    THE COURT SHOULD NOT EXERCISE SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIMS ..................... 9

    IV.    IN THE ALTERNATIVE, THE FRAUD AND BREACH OF CONTRACT CLAIMS AGAINST O'DONNELL SHOULD BE DISMISSED ........................................................ 9

CONCLUSION ............................................................. 10

## TABLE OF AUTHORITIES

### CASES

Bell Atlantic Corp. v. Twombly,
127 S. Ct. 1955, 1969 (2007) .................................................................................. 2, 3

Computer Personalities Systems, Inc. v. Lichetensein,
2003 Bankr. LEXIS 1572 (E.D.Pa. 2003) .................................................................. 6

Conley v. Gibson,
355 U.S. 41 (1957) ..................................................................................................... 2

Cosmas v. Hassett,
886 F.2d 8 (2d Cir. 1989) ........................................................................................... 8

Department of Economic Dev't v. Arthur Andersen & Co.,
924 F. Supp. 449 (S.D.N.Y. 1996) ............................................................................. 5

Emcore Corp. v. Pricewaterhouse Coopers, LLC,
102 F. Supp. 237 (D.N.J. 2000) .................................................................................. 6

Feigenbaum v. Marble of America, Inc.,
735 F. Supp. 79 (S.D.N.Y. 1990) ............................................................................... 9

Freedom Holdings, Inc. v. Spitzer,
357 F.3d 205 (2d Cir. 2004) ....................................................................................... 3

Geisler v. Petrocelli,
616 F.2d 626 (2d Cir. 1980) ....................................................................................... 3

Handeen v. Lemair,
112 F.3d 1339 (8th Cir. 1997) .................................................................................... 5

Hayden v. Paul, Weiss, Rifkind, Wharton & Garrison,
955 F. Supp. 248 (S.D.N.Y. 1997) ............................................................................. 5

In re CITX Corp., Inc.,
2005 WL 1388963 (E.D.Pa.2005) .............................................................................. 6

Inn Chu Trading Co. v. Sara Lee Corp.,
810 F. Supp. 501 (S.D.N.Y. 1992) ............................................................................. 9

Moore v. PaineWebber, Inc.,
189 F.3d 165 (2d Cir. 1999) ....................................................................................... 3

Reves v. Ernst & Young,
507 U.S. 170 (1993) ................................................................................................ 4, 5

Robinson v. Kidder, Peabody & Co., Inc.,
  674 F. Supp. 243 (E.D. Mich. 1987) ............................................................................. 5

Shams v. Fisher,
  107 F. Supp. 2d 266 (S.D.N.Y. 2000) ........................................................................... 5

Thomas v. Ross & Hardies,
  9 F. Supp. 2d 547 (D. Md. 1998) .................................................................................. 6

West 79th St. Corp. v. Congregation Kahl Minchas Chinuch,
  No. 03 Civ. 8606, 2004 U.S.Dist. LEXIS 19501 (S.D.N.Y. Sept. 30, 2004) ................ 5

## STATUTES

18 U.S.C. § 1962 ............................................................................................................... 8

28 U.S.C. § 1367 ............................................................................................................... 1

## RULES

Fed. R. Civ. P. 8 ................................................................................................................ 3

Fed. R. Civ. P. 9 ................................................................................................................ 3

Fed. R. Civ. P. 12 ..................................................................................................... 1, 2, 3

Defendants Bruce O'Donnell, CPA and Bruce O'Donnell, CPA/PFS, P.A. (together, "O'Donnell") respectfully submit this reply memorandum of law in further support of their motion to dismiss (1) the claim of plaintiff Duravest, Inc. under the Racketeer Influenced and Corrupt Organizations Act ("RICO") pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure ("FRCP"); (2) plaintiff's three state law claims and the cross-claims of Wollmuth Maher & Deutsch, LLP and Mason H. Drake (together, the "Lawyer Defendants") against O'Donnell for lack of subject matter jurisdiction, pursuant to FRCP 12(b)(1) and 28 U.S.C. § 1367; and (3) in the alternative, plaintiff's fraud and breach of contract claims for failure to state a claim, pursuant to FRCP 12(b)(6) and 9(b).

## INTRODUCTION

Although not opposing dismissal of plaintiff's breach of contract claim, plaintiff's brief ("Opp.") opposes dismissal of its RICO and fraud claims by:

- simply ignoring applicable Supreme Court, Second Circuit, and Southern District precedents cited in O'Donnell's moving memorandum ("Br.") regarding both the pleading and substantive requirements of the claims involved, *e.g.*, Opp. at 8, 15, 16;

- relying upon factually dissimilar cases from other jurisdictions, Opp. at 13-14, 17-18;

- mischaracterizing various of O'Donnell's arguments, Opp. at 14;

- compounding the discrepancies contained in the complaint over the identity and purpose of the alleged RICO "enterprise", Opp. at 19-20;

- relying repeatedly on the allegations that O'Donnell simply did accounting work over a series of years for Mr. and Mrs. Markoll, Opp. at 3-5, 12, 16, 19, and thus "knew or should have known" that financial statements it compiled (but did not audit) were false, Opp. at 4, 16, 20; and

- failing to respond to O'Donnell's demonstration, Br. at 6n.4, 10-11, 18n.2, that the specific accounting mistakes alleged in the complaint are either disproved by the document relied upon or defy common sense.

While plaintiff's opposition cannot obscure the *many* substantive defects in the RICO and fraud claims against O'Donnell, two particularly glaring deficiencies in the RICO claims stand out. First, plaintiff fails to specify any action O'Donnell purportedly undertook to direct or participate in the operation, management or affairs of the alleged enterprise. As to this element, plaintiff does not even attempt to distinguish legal authority from this Court, previously cited by O'Donnell, protecting outside accountants and other professionals from being dragged into RICO cases absent sufficient allegations of conduct going beyond routine professional services.

Second, plaintiff does not adequately plead a "pattern" of racketeering activity. The notion that the "enterprise" -- which *plaintiff* itself has owned for two years -- poses a continuing threat sufficient to satisfy the requirement for an "open-ended" pattern is frivolous. Plaintiff's repeated refrain that O'Donnell and the Markoll Defendants allegedly had an "intimate working relationship ... going back at least as far as the year 2000 ....," Opp. at 3, falls woefully short of alleging a "close-ended" pattern or helping remedy any of the other defects in the complaint. Surely, such attempts at "guilt by association" cannot sustain either plaintiff's claims under RICO or its fraud claim, which fails for lack of specificity.

## ARGUMENT

I.   APPLICABLE LEGAL STANDARDS

Plaintiff's reliance on *Conley v. Gibson*, 355 U.S. 41 (1957), Opp. at 8, for the standard by which the Court analyzes a motion pursuant to FRCP 12(b)(6) to dismiss for failure to state a claim, is outdated. In overruling the legal standard set forth in *Conley*, the Supreme Court in *Bell Atlantic Corp. v. Twombly*, cited in Br. at 11-12, but ignored by plaintiff, found that the *Conley* standard, requiring dismissal only when "it appears beyond doubt that the plaintiff can prove *no set of facts* in support of his claim" has "earned its retirement." *Twombly*, 127 S.Ct. 1955, 1969 (2007)

(emphasis added). In *Twombly*, the Supreme Court expressly observed that "[t]he phrase ['no set of facts'] is best forgotten as an incomplete, negative gloss on an accepted pleading standard ...." *Id.*[1]

Contrary to plaintiff's contention, O'Donnell's motion to dismiss is not based "merely on claims of evidentiary insufficiency rather than deficiencies in the Complaint", Opp. at 8, but instead is based on plaintiff's failure to state RICO, fraud or breach of contract claims even when all reasonable inferences are drawn in plaintiff's favor.[2]

## II.    PLAINTIFF'S RICO CLAIMS AGAINST O'DONNELL SHOULD BE DISMISSED.

### A.    Plaintiff Fails to Coherently, Much Less Plausibly, Allege an "Enterprise."

Plaintiff's opposition only adds to the confusion over the purported identity and purpose of the alleged RICO enterprise and makes clear that it does not satisfy the "enterprise" requirements, which are set for in Br. at 13-14. On one hand, Paragraph 177 of the complaint defines Bio-Magnetic Therapy Systems, Inc. ("BMTS") as the alleged enterprise. On the other hand, on page 16 of its opposition, plaintiff argues that "the O'Donnell Defendants were the entity that conspired with the Markoll Defendants to fraudulently misstate the profitability, assets and liabilities of BMTS ...." The opposition states that the enterprise's purpose "was to falsely induce others to invest in it, give it nothing of real value in return, and render itself and its claimed 'assets' attractive for sale and

---

[1] Also misplaced is plaintiff's reliance on *Geisler v. Petrocelli*, 616 F.2d 626, 639 (2d Cir. 1980), a libel claim not implicating FRCP 9(b).

[2] O'Donnell agrees that, in considering a motion to dismiss pursuant to FRCP 12(b)(6), this Court must accept as true the well-pleaded allegations in the complaint and draw all reasonable inferences in plaintiff's favor. *See Freedom Holdings, Inc. v. Spitzer*, 357 F.3d 205, 216 (2d Cir. 2004). Nor does O'Donnell dispute that, except as to allegations of fraud, mail fraud and wire fraud, which are governed by the heightened pleading requirement of FRCP 9(b), the Court will be guided by the pleading standard set forth in FRCP 8. *See Moore v. PaineWebber, Inc.*, 189 F.3d 165, 173 (2d Cir. 1999).

3

re-sale to others." Opp. at 18. Yet, immediately thereafter, it states that "after BMTS was purchased by Plaintiff, the Complaint makes clear that Defendants have continued to offer the same 'intellectual property' which was part of the Plaintiff's purchase of BMTS, to third parties for sale." Opp. at 19; *see also* Opp. at 6.

In addition to being fatally unclear and implausible, the complaint fails to allege an enterprise that is distinguishable from the alleged course of illegal conduct, as is required in this Circuit. *See* Br. at 13. Nor does plaintiff allege facts from which one could plausibly infer that O'Donnell "associated together" with the Markoll Defendants and Viscardi to form or use BMTS for the purpose of engaging in a course of unlawful conduct. *See* Br. at 13.

B.   Plaintiff Fails to Allege RICO Participation by O'Donnell.

Plaintiff has failed to allege, except in the most conclusory fashion, that O'Donnell "participated" in the alleged RICO enterprise. It does not specify what actions, if any, O'Donnell purportedly undertook to direct or participate in the operation, management or affairs of the alleged enterprise, as required to state a RICO claim. *See* Br. at 14-16. In its opposition, plaintiff argues that "by virtue of the O'Donnell Defendants' personal relationship with the Markoll Defendants, their creation of knowingly false financial statement for BMTS operated as a conspiracy with the Markoll Defendants that, in turn, constituted participation in the core activities of the criminal enterprise." Opp. at 19. Even putting aside that only three pages before, Opp. at 16, plaintiff inconsistently alleges that O'Donnell might just have "[had] reason to [know] of the falsity of" of the statements, this does not come close to meeting the requirement that, to be held liable under Section 1962(c), a party participate "in the operation or management of the enterprise itself." *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993). As this Court has observed, there is a "substantial difference between actual control over an enterprise and association with an enterprise in ways that do not

4

involve control; only the former is sufficient under *Reves* because the test is not involvement but control." *Shams v. Fisher*, 107 F. Supp. 2d 266, 274-75 (S.D.N.Y. 2000)(internal quotation marks and citation omitted). Plaintiff does not allege how or to what extent O'Donnell operated or managed the alleged enterprise.

Contrary to plaintiff's insinuation, O'Donnell nowhere suggested that *Reves* provides immunity to accountants from RICO liability. The question addressed by the Supreme Court in *Reves* was "whether one must participate in the operation or management of the enterprise itself to be subject to liability under this provision." *Reves*, 507 U.S. at 172. The Court answered that question in the affirmative. Plaintiff's complaint herein fails to allege that O'Donnell exercised any degree of control over the alleged enterprise or that O'Donnell otherwise participated in management of the enterprise.

Tellingly, plaintiff simply ignores *Hayden v. Paul, Weiss, Rifkind, Wharton & Garrison*, 955 F. Supp. 248 (S.D.N.Y. 1997), *West 79th St. Corp. v. Congregation Kahl Minchas Chinuch*, No. 03 Civ. 8606, 2004 U.S. Dist. LEXIS 19501, at *43 (S.D.N.Y. Sept. 30, 2004), and *Department of Econ. Dev't v. Arthur Andersen & Co.*, 924 F. Supp. 449, 465 (S.D.N.Y. 1996), cited in Br. at 14, where this Court dismissed similarly deficient RICO claims against accountants and other professionals.

Plaintiff's resort, Opp. at 17-18, to factually dissimilar out-of-state cases sustaining RICO claims falls far short of the mark. *See Handeen v. Lemair*, 112 F.3d 1339 (8th Cir. 1997)(bankruptcy attorney alleged to have masterminded attempt to defraud creditors); *Robinson v. Kidder, Peabody & Co., Inc.*, 674 F. Supp. 243 (E.D. Mich. 1987)(broker alleged to have "churned" plaintiff's

5

account); *Thomas v. Ross & Hardies*, 9 F. Supp. 2d 547 (D. Md. 1998)(lawyer alleged to have been actively involved in fraud, including making presentations to victims).[3]

Plaintiff's new reliance, Opp. at 12-14, on accounting ethics rules cannot resuscitate a RICO (or fraud) claim. Not surprisingly, plaintiff cites no case suggesting that violation of such a rule (which O'Donnell vigorously denies occurred here) would provide a sufficient basis from which to infer "participation" or any other required element of a RICO claim.

As noted above, despite defining BMTS as the "enterprise", plaintiff nonetheless alleges racketeering activities have continued after plaintiff's acquisition of BMTS when defendants allegedly offered for sale to others intellectual property that was part of the sale. Plaintiff argues, Opp. at 19: "Since the O'Donnell Defendants have continued to perform personal accounting services for the Markolls, it can be reasonably inferred that their financial activities and assistance to the enterprise also continue." Such an approach defies common sense and, if accepted, would automatically expose accountants and lawyers to liability under RICO for the alleged sins of their clients.

C.  <u>Plaintiff Has Failed To Adequately Allege Predicate Acts.</u>

In support of the motion, O'Donnell set forth in detail the various respects in which the complaint failed to adequately plead predicate acts sufficient to maintain a RICO claim against O'Donnell. Br. at 16-19. In its one-paragraph treatment of this issue, Opp. at 19-20, plaintiff simply refers to various allegations of the complaint without addressing the arguments or case law cited by

---

[3] Plaintiff's reliance on various other out-of-state cases, Opp. at 12-13, is also misplacesd. *See* Emcore Corp. v. Pricewaterhouse Coopers, LLC, 102 F. Supp. 237 (D.N.J. 2000)(an auditor of a public company was sued for its failure to disclose its own lack of independence); In re CITX Corp., Inc., 2005 WL 1388963 (E.D.Pa.2005)(accountants granted summary judgment); Computer Personalities Systems, Inc. v. Lichetensein, 2003 Bankr. LEXIS 1572 at *22 (E.D.Pa. 2003)(specific allegations as to why financial statements did not accurately portray debtor's financial condition).

O'Donnell, including, among other things, the arguments that plaintiff has failed to satisfy its pleading burden under Rule 9(b) with respect to details of O'Donnell's alleged oral and written misrepresentations and has not alleged facts sufficient to give rise to a "strong inference" of fraudulent intent by O'Donnell. *See* Br. at 17-19.[4] The fact that O'Donnell could identify a set of financial statements about which plaintiff complains does not excuse plaintiff's failure to allege with adequate specificity, among other things: how it obtained those financials or how it was harmed by them, much less *any* details whatsoever as to defendant's alleged oral misrepresentations or, indeed, as to any direct contacts between O'Donnell and plaintiff or its representatives.[5]

D.    Plaintiff Has Failed to Allege a Pattern of Racketeering Activity.

In response to O'Donnell's detailed discussion of the "pattern" element of a RICO claim, including the alternate requirements of "closed-end" and "open-ended" pattern, *see* Br. 19-21, plaintiff devotes only a short paragraph, Opp. at 20, which strangely reads:

> The Moving Defendants' contention regarding the lack of a 'pattern' of racketeering activity can only be explained by the lack of desire to see it in the Complaint. Quite plainly, Plaintiff's contentions regarding the O'Donnell Defendants' pattern of fraudulent racketeering activity is set forth at paragraphs 132-128 [May 2005 fraudulently 'restated' financial statement for 2004] and 86 [April 2006 fraudulent financial statement disclosing never-before mentioned related party transactions].

Allegations of conduct from May 2005 to April 2006 do not meet the requirements for a "closed-ended" pattern, which the Second Circuit has never found where the predicate acts spanned

---

[4] Elsewhere, Opp. at 14, plaintiff mistakenly claims that O'Donnell did not challenge that the complaint "(1) sets forth two or more predicate acts of mail and wire fraud that; (2) would constitute racketeering activity; (3) directly or indirectly related to the conduct of an enterprise ...."

[5] Plaintiff's reliance, in paragraph 8 of the Affidavit in Opposition, on O'Donnell's failure to deny knowledge that BMTS was being marketed for sale makes no sense in the context of a motion to dismiss where O'Donnell cannot challenge plaintiff's allegations, unless they are conclusory, contradictory, or rebutted by documents referenced in the complaint. O'Donnell does not concede the truth of any of the material allegations against it.

7

fewer than two years. *See* Br. at 20-21. Allegations that O'Donnell rendered accounting services for a longer period of time are no substitute.

Once again, plaintiff has not responded to O'Donnell's demonstration that, on their face, plaintiff's specific claims of defects in the financial statements make no sense. Its suggestion elsewhere, Opp. at 8, 16, that it should be entitled to conduct discovery should be rejected because plaintiff has not stated a viable claim for RICO or fraud, notwithstanding having had control of BMTS, and thus access to its books and records, for two years.

Plaintiff's longstanding ownership and control of BMTS forecloses any possibility that it could satisfy the requirement of "open-ended" continuity. *See* Br. at 21.

E.      Plaintiff's Conspiracy Claim Under Section 18 U.S.C. § 1962(d) Also Fails.

As set forth in the moving brief, Br. at 22-23, plaintiff's conspiracy claims under Section 1962(d) must be dismissed not only because plaintiff has failed to allege a substantive RICO violation, but also because plaintiff has not sufficiently alleged a conspiracy. As is evident from the complaint and plaintiff's two-paragraph treatment of this issue, Opp. at 20-21, plaintiff alleges in only the most conclusory terms that defendants "conspired" to become part of the alleged enterprise. Simply put, the complaint fails to plead any specific factual allegations that defendants consciously agreed to become part of a RICO conspiracy and commit the necessary predicate racketeering acts.[6]

---

[6] *Cosmas v. Hassett*, 886 F.2d 8 (2d Cir. 1989), cited Opp. at 8, 21, is inapposite since the amended complaint there alleged that corporate insiders acquiesced in a series of specifically detailed misrepresentations with knowledge of their falsity or reckless disregard for their truth. Plaintiff's reliance on the Markoll's criminal history, *e.g.*, Opp. at 3-4, is unpersuasive, especially given the public nature of the proceedings (as evidenced by, *e.g.*, the Westlaw case attached as Ex. B to the Affidavit in Opposition) and the complaint's failure to deny plaintiff's knowledge of them.

III. THE COURT SHOULD NOT EXERCISE SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIMS.

If the Court dismisses plaintiff's RICO claim against O'Donnell, it should decline to exercise supplemental jurisdiction over the state law claims against O'Donnell. Notably, the Lawyer Defendants have not opposed the instant motion insofar as it requested that the Court decline to exercise supplemental jurisdiction over their cross-claims against O'Donnell.

The RICO claims against the Markoll Defendants and Viscardi suffer from at least some of the defects alleged above. The only other federal claim – a securities fraud claim – is asserted only against the Markoll Defendants and Viscardi. Viscardi only appeared on March 7, 2008 and the Markoll Defendants have apparently not yet been served with the complaint, much less appeared or responded to the complaint. It is thus premature and speculative to assume that any federal claims will proceed herein. *A fortiori*, it is premature to determine the extent to which any such federal claim would overlap with any surviving state law claims against O'Donnell. If the Court is reluctant to dismiss the state law claims at this juncture, O'Donnell respectfully requests, in the alternative, that the Court withhold ruling on whether to exercise supplemental jurisdiction over the state law claims until it is clear whether or not any federal claims proceed against the Markoll Defendants and Viscardi.

IV. IN THE ALTERNATIVE, THE FRAUD AND BREACH OF CONTRACT CLAIMS AGAINST O'DONNELL SHOULD BE DISMISSED.

For the same reasons that the complaint fails to adequately allege fraud for purposes of RICO, its first cause of action fails to allege a claim for common law fraud. *See, e.g., Inn Chu Trading Co. v. Sara Lee Corp.*, 810 F.Supp 501, 506-07 (S.D.N.Y. 1992) (state law fraud claims subject to FRCP 9(b)); *Feigenbaum v. Marble of America, Inc.*, 735 F.Supp 79, 82-83 (S.D.N.Y.

1990) (dismissing state law fraud claim under FRCP 9(b) and 12(b)(6)). Accordingly, if the Court exercises supplemental jurisdiction over the fraud claim, it should be dismissed.

As indicated above, plaintiff does not contest that O'Donnell is entitled to dismissal of the breach of contract claim.

## CONCLUSION

For the reasons set forth above, the claims and cross-claims asserted against Defendants Bruce O'Donnell, CPA and Bruce O'Donnell, CPA/PFS, P.A. should be dismissed.

Dated: New York, New York
       March 10, 2008

                        Respectfully submitted,

                        LANDMAN CORSI BALLAINE & FORD P.C.

                        By: /s/ Stephen Jacobs
                        Stephen Jacobs (SJ 4437)
                        Ameet B. Kabrawala (AK 2976)
                        120 Broadway, 27th Floor
                        New York, New York 10271-0079
                        (212) 238-4800

                        Attorneys for Defendants Bruce O'Donnell, CPA
                        and Bruce O'Donnell, CPA/PFS, P.A.

457997

CERTIFICATE OF SERVICE

Ameet B. Kabrawala, an attorney of record herein, hereby certifies that, on March 10, 2008, the foregoing Reply Memorandum of Law of Defendants Bruce O'Donnell, CPA and Bruce O'Donnell CPA/PFS, P.A. in Further Support of Motion to Dismiss was served in accordance with the Southern District's Rules on Electronic Service and Local Rule 5.2 upon the following:

>   Luis Francisco Ras, Esq.
>   Ras Associates, PLLC
>   Attorneys for Plaintiff
>   Ten Bank Street, Suite 650
>   White Plains, NY 10606
>
>   Mark W. Lerner, Esq.
>   Kasowitz, Benson, Torres & Friedman, LLP
>   Attorneys for Viscardi, AG
>   1633 Broadway
>   New York, NY 10019
>
>   Abrams, Gorelick, Friedman & Jacobson, P.C.
>   Attorneys for Defendants Wollmuth Maher
>   Deutsch, LLP and Mason H. Drake, Esq.
>   1 Battery Park Plaza, 4th Floor
>   New York, NY 10004

NO OTHER PARTIES HAVE APPEARED.

_____
Ameet B. Kabrawala (AK 2976)