UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DURAVEST, INC.

                    Plaintiff,

        -against-

VISCARDI, AG; WOLLMUTH MAHER &
DEUTSCH, LLP MASON H. DRAKE, ESQ.,
BRUCE O'DONNELL, CPA, BRUCE
O'DONNELL, CPA, BRUCE O'DONNELL
CPA/PFS, P.A., BIOMEDICAL CONSULTANT
SL, RICHARD MARKOLL, and ERNESTINE
BINDER MARKOLL,

                    Defendants.

---

07 Civ. 10590

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF WOLLMUTH MAHER & DEUTSCH LLP AND MASON H. DRAKE, ESQ. TO DISMISS THE COMPLAINT AS AGAINST THEM FOR LACK OF SUBJECT MATTER JURISDICITON

ABRAMS, GORELICK, FRIEDMAN &
JACOBSON, PC

*Attorneys for Defendants Wollmuth*
*Maher & Deutsch LLP and Mason H.*
*Drake, Esq.*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................1

STATEMENT OF FACTS ................................................................................................2

      A.     Plaintiff Does Not Allege Diversity Jurisdiction Under 28 U.S.C. § 1332 .............2

      B.     Plaintiff Does Not Allege Federal Question Jurisdiction
           Over Its Single Claim Against WMD and Drake ....................................................2

      C.     Plaintiff Does Not Allege a Basis to Assert Supplemental
           Jurisdiction Over Its Single Claim Against WMD and Drake................................3

ARGUMENT ....................................................................................................................3

I.     THE COURT SHOULD DISMISS THE SINGLE STATE LAW CLAIM AGAINST
       WMD AND DRAKE FOR LACK OF SUPPLEMENTAL JURISDICTION...................5

CONCLUSION................................................................................................................11

# TABLE OF AUTHORITIES

**Cases**                                                                     **Page**

Achtman v. Kirby, McInerney Squire LLP,
        464 F.3d 328 (2d Cir. 2005)..................................................................10, 11

Alston v. Stone,
        2005 U.S. Dist. LEXIS 4426 (S.D.N.Y. Mar. 23, 2005) ....................................9

Bu v. Benenson,
        181 F. Supp. 2d 247 (S.D.N.Y. 2001).............................................................7

City of Chicago v. Int'l Coll. of Surgeons,
        522 U.S. 156 (1997)........................................................................................7

Hirsch v. Arthur Andersen & Co.,
        72 F.3d 1085 (2d Cir. 1995)............................................................................2

Johnson v. Doe,
        2001 U.S. Dist. LEXIS 2782 (S.D.N.Y. Mar. 9, 2001)...................................11

Knox v. Orascom Telecom Holding S.A.E.,
        477 F. Supp. 2d 642 (S.D.N.Y. 2007)..............................................................5

Lyndonville Sav. Bank & Trust Co. v. Lussier,
        211 F.3d 697 (2d Cir. 2000)............................................................................7

Malik v. Meissner,
        82 F.3d 560 (2d Cir. 1996)..............................................................................5

Promisel v. First Am. Artificial Flowers Inc.,
        943 F.2d 251 (2d Cir. 1991)............................................................................7

Ray v. Tennessee Valley Auth.,
        677 F.2d 818 (11th Cir. 1982) ........................................................................9

Solow v. Stone,
        994 F. Supp. 173 (S.D.N.Y. 1998) .................................................................2

Zimmerman v. City of Eau Claire,
        2006 U.S. Dist. LEXIS 62299 (W.D. Wisc. Aug. 29, 2006)......................7, 8, 9

## STATUTES AND RULES

18 U.S.C. § 1964(a) ...................................................................................................2

28 U.S.C. § 1331 ..................................................................................................2, 5, 6

28 U.S.C. § 1332 ....................................................................................................2, 5

28 U.S.C. § 1367 ...........................................................................................1, 2, 5, 6, 7, 10

Fed. Rule Civ. P. 12(b)(1) ...........................................................................................1, 5

Defendants Wollmuth Maher & Deutsch LLP ("WMD") and Mason H. Drake, Esq. ("Drake") respectfully submit this memorandum of law in support of their motion – pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1367(a) – to dismiss the Complaint of Plaintiff Duravest, Inc. ("Plaintiff"), filed November 26, 2007 (the "Complaint"), as against them for lack of subject matter jurisdiction.

## PRELIMINARY STATEMENT

The gravamen of the Complaint is that Plaintiff was defrauded by a conspiracy, which purportedly involved all of the defendants except WMD and Drake, into purchasing a company whose value was intentionally and grossly overstated. Plaintiff avers that these other defendants engaged in a litany of intentional misdeeds, alleged in detail over approximately 150 paragraphs. According to Plaintiff, these acts of affirmative misrepresentation and deceptive omission form the basis of eight claims – including the claims for RICO fraud and securities fraud (the only federal claims in the action) as well as common law fraud – against such other defendants.

As an afterthought, the Complaint adds as defendants WMD and Drake, which provided certain legal advice to Plaintiff in connection with the purchase. Plaintiff does not allege that these counsel participated in the conspiracy. Nor does Plaintiff allege that they committed any intentional wrongdoing whatsoever. Instead, Plaintiff attempts to blame WMD and Drake for failing to ferret out the other defendants' fraud. Thus, Plaintiff alleges a single claim of professional malpractice against them, supported by just six conclusory allegations of negligence.

Because the facts underlying the solitary state law claim against WMD and Drake for negligence do not substantially overlap those supporting the multiple federal claims against the other defendants for RICO and securities fraud, and because those federal claims do not raise the

1

facts essential to support that state claim, this Court lacks supplemental jurisdiction over the state

claim. Therefore, this Court should dismiss the Complaint as against WMD and Drake with

prejudice.

## STATEMENT OF FACTS[1]

Plaintiff does not plead any factual basis for subject matter jurisdiction over defendants

WMD or Drake. See, generally, Compl.

**A.**    **Plaintiff Does Not Allege Diversity Jurisdiction Under 28 U.S.C. § 1332**

Plaintiff does not and cannot allege that this Court has diversity jurisdiction over its

claims because some of the parties are citizens of the same states. See Compl. ¶10 ("This Court

has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and 18 U.S.C. §

1964(a) in that RICO claims arise under the laws of the United States."). Indeed, Plaintiff and

defendant Bruce O'Donnell CPA/PFS, P.A. are both citizens of the State of Florida as each of

them are duly organized under the laws of that state. See Compl. ¶ 11, 30. Accordingly, there is

no basis to assert subject matter jurisdiction on the grounds of diversity of citizenship.

**B.**    **Plaintiff Does Not Allege Federal Question Jurisdiction**
**Over Its Single Claim Against WMD and Drake**

Plaintiff does not and cannot allege that this Court has federal question jurisdiction over

its claim against WMD and Drake because its only claim against them is one under New York

law for purported professional malpractice. See Compl. ¶¶ 195-202. Specifically, Plaintiff

alleges that WMD and Drake "were retained to, but failed to provide and/or render, reasonable

---

[1] The facts recited in the text are from the Complaint. For purposes of this motion to dismiss only, WMD and Drake assume the facts as alleged in the Complaint to be true, except where such facts are conclusory and unsupported and thus are not entitled to be accepted as true even upon a motion to dismiss. See Solow v. Stone, 994 F. Supp. 173, 178 (S.D.N.Y. 1998); see also Hirsch v. Arthur Andersen & Co., 72 F.3d 1085, 1092 (2d Cir. 1995). WMD and Drake reserve the right to contest the accuracy of the facts as alleged in the Complaint in all future proceedings in this case, if any.

and proper and sufficient advice" in connection with a transaction. See id. Accordingly, there is no basis to assert federal question jurisdiction over the claim against WMD and Drake because it does not arise under the Constitution, laws or treaties of the United States.

**C.    Plaintiff Does Not Allege a Basis to Assert Supplemental
Jurisdiction Over Its Single Claim Against WMD and Drake**

Plaintiff does not and cannot allege a factual basis to warrant the exercise of supplemental jurisdiction over its solitary claim against WMD and Drake. In its Complaint, Plaintiff alleges, among other things, that each of the defendants – except WMD and Drake – engaged in a an intentional criminal racketeering enterprise designed to steal millions of dollars from Plaintiff by misleading Plaintiff in connection with their sale of a business to Plaintiff in violation of the laws of the United States. Compl. ¶¶ 171-85. Plaintiff also alleges that, in furtherance of their criminal racketeering enterprise, the defendants – other than WMD and Drake – defrauded Plaintiff by, among other things, the following misconduct: (1) lying about their professional backgrounds and concealing their criminal convictions (Compl. ¶¶ 69-73); (2) misrepresenting their ownership of intellectual property rights and failing to disclose adverse claims thereto (id. ¶¶ 74-79); (3) withholding and misusing intellectual property rights that they had agreed to transfer (id. ¶¶ 92-95); (4) representing that clinical trials had been conducted successfully when, in fact, there were virtually no such studies (id. ¶¶ 80-81, 143-46); (5) making false statements concerning operating income and expenses (id. ¶¶ 82-85, 106-17, 126-38, 140-55); (6) reporting undocumented loans to the acquisition target as a pretext to loot it after Plaintiff's investment therein (id. ¶¶ 86-88, 152-55); (7) converting transferred purchase monies (id. ¶¶ 96-101); (8) violating non-compete agreements (id. ¶¶ 102-05); and (9) falsely stating that they had not entered into related party transactions (id. ¶¶ 149-50). In addition, Plaintiff alleges that each of the defendants – besides WMD and Drake – perpetrated their fraudulent conduct by

3

mail and wire. Id. ¶¶ 89-91, 118, 139, 156.

Significantly, Plaintiff does not and cannot make any allegation that WMD and Drake were involved in such criminal and otherwise-fraudulent activity. See, generally, Compl. Instead, Plaintiff alleges only that WMD and Drake committed professional malpractice by not uncovering the other defendants' criminal conduct and by not drafting certain pre-purchase representations. Id. ¶¶ 195-202. Moreover, in support of such claim, Plaintiff asserts just six conclusory allegations of negligence:

> As set forth below, Duravest was induced to and did complete the Purchase in reliance upon both the fraudulent, negligent, reckless, false, and otherwise wrongful representations and assertions made by Defendants Viscardi, O'Donnell, Markoll Consulting, Mr. Markoll and Mrs. Markoll; and due to the negligent and deficient advice, omissions, lack of proper advice, and deficient due diligence efforts of Defendants [WMD] and Drake.

> That prior to the Purchase, Defendants Drake and [WMD], as legal counsel, were retained to, but failed to provide and/or render, reasonable and proper sufficient advice, counsel, and perform proper due diligence, in relation to the Purchase.

> That prior to the Purchase, Defendants Drake and [WMD], as legal counsel, were retained to, but failed to provide and/or render, reasonable and proper sufficient advice, counsel, and perform proper due diligence, so as to warn and advice Plaintiff Duravest of the significant shortcomings, financial risk of the Purchase.

> That prior to the Purchase, Defendants Drake and [WMD], as legal counsel, were retained to, but failed to provide and/or render, reasonable and proper sufficient advice, counsel, and perform proper due diligence, in relation to; the lack of legal protection, protectability, and verification of claimed "intellectual property" that was to be part and parcel of the Purchase.

> That prior to the Purchase, Defendants Drake and [WMD], as legal counsel, were retained to, but failed to provide and/or render, reasonable and proper sufficient advice, counsel, and perform proper due diligence, in relation to; the claimed lack of adverse legal claims and suits then existing and/or then noticed and/or contemplated against BMTS, which adversely affected the value of BMTS, Inc. prior to and following the Purchase.

> That prior to the Purchase, Defendants Drake and [WMD], as legal counsel, were retained to, but failed to provide and/or render, reasonable and proper sufficient advice, counsel, and draft sufficient and proper documentation to ensure the

enforceability, sufficiency, and specificity or [sic] pre-Purchase representations by
the former principals and sellers of BMTS, Inc., so as to provide reasonable legal
protection to Plaintiff Duravest in areas material to the value of BMTS, Inc. as a
going concern.

See Compl. ¶¶ 6, 196-200.

**ARGUMENT**

**POINT I**

**THE COURT SHOULD DISMISS THE SINGLE
STATE LAW CLAIM AGAINST WMD AND DRAKE
FOR LACK OF SUPPLEMENTAL JURISDICTION**

This Court does not have jurisdiction over the single claim brought against WMD or

Drake. Thus, it should dismiss the Complaint as against WMD and Drake with prejudice.

A defendant may assert the defense of lack of subject matter jurisdiction by motion. See

Fed. R. Civ. P. 12(b)(1). As pertinent here, subject matter jurisdiction over Plaintiff's solitary

claim against WMD and Drake may rest on a showing that federal question jurisdiction exists

under 28 U.S.C. § 1331, diversity jurisdiction exists under 28 U.S.C. § 1332, or supplemental

jurisdiction exists under 28 U.S.C. § 1367. "On a motion to dismiss for lack of subject matter

jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), a plaintiff bears the burden of establishing that a

court has subject matter jurisdiction to adjudicate the allegations in the complaint." Knox v.

Orascom Telecom Holding S.A.E., 477 F. Supp. 2d 642, 644 (S.D.N.Y. 2007) (citing, Malik v.

Meissner, 82 F.3d 560, 562 (2d Cir. 1996). In this case, Plaintiff cannot meet its burden.

It is not possible to show that diversity jurisdiction exists because Plaintiff and at least

one of the defendants are citizens of the same state. Both Plaintiff and defendant Bruce

O'Donnell CPA/PFS, P.A. are citizens of Florida. See Compl. ¶¶ 11, 30; see also id. ¶ 10

(alleging jurisdiction under Sections 1331 and 1367, but not Section 1332). Nor can Plaintiff

demonstrate federal question jurisdiction over WMD or Drake because Plaintiff's sole claim

5

against them is for malpractice.  See id. ¶¶ 195-202.  This claim arises under New York law.

Therefore, Plaintiff can only argue that this Court has supplemental jurisdiction over its

state law malpractice claim against WMD and Drake based on its federal law fraud claims

against wholly-unrelated defendants.  The gravamen of Plaintiff's 224-paragraph Complaint is

that all of the other defendants engaged in an intentional criminal racketeering enterprise

designed to swindle Plaintiff out of millions of dollars by misleading it as to the fraudulent

nature of the business they sold to Plaintiff and by misleading it about those defendants' bona

fide qualifications.  Compl. ¶¶ 171-85.  Plaintiff does not allege, however, that WMD or Drake,

its former attorneys, swindled them.  Rather, Plaintiff alleges (in just six conclusory paragraphs)

only that WMD and Drake were duped just as Plaintiff was, and that their conduct – though not

alleged to have been undertaken in bad faith – was negligent in not uncovering the other

defendants' fraud and criminal conduct.  Id. ¶¶ 6, 196-200.  This conclusory and fundamentally-

different claim is not "so related" to Plaintiff's federal claims against the defendants who

supposedly committed criminal misconduct that the Court can exercise supplemental jurisdiction

over it.

The relevant statute provides, in pertinent part, the following:

> [I]n any civil action of which the district courts have original jurisdiction, the
> district courts shall have supplemental jurisdiction over all other claims that are so
> related to claims in the action which such original jurisdiction that they form part
> of the same case or controversy under Article III of the United States
> Constitution.

28 U.S. C. § 1367(a).

Disputes are part of the "same case or controversy" within the statute when they "derive

from a common nucleus of operative fact."  Promisel v. First Am. Artificial Flowers Inc., 943

F.2d 251, 254 (2d Cir. 1991) (internal citation omitted).  In answering this query, the court must

assess whether "the facts underlying the federal and state claims substantially overlapped ... [or] the federal claim necessarily brought the facts underlying the state claim before the court." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 704 (2d Cir. 2000). In deciding whether to exercise supplemental jurisdiction, a federal court should consider and weigh the "values of judicial economy, convenience, fairness and comity." City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 173 (1997) (internal citation omitted); see also Bu v. Benenson, 181 F. Supp. 2d 247, 251 (S.D.N.Y. 2001) (same).

Here, Plaintiff's malpractice claim against its former lawyers, WMD and Drake, is not "so related" to its claims of fraud and criminal conduct against the other defendants that it "form[s] part of the same case or controversy" under this statute. See Bu, 181 F. Supp.2d at 250 (holding that under 28 U.S.C. § 1367(a) a court has supplemental jurisdiction only "over all claims that are so related ... that they form part of the same case or controversy"); accord Zimmerman v. City of Eau Claire, 06-C-085-S, 2006 U.S. Dist. LEXIS 62299 (W.D. Wisc. Aug. 29, 2006).

Zimmerman is strikingly similar to the case at bar. In Zimmerman, plaintiff claimed that the City of Eau Claire and certain of its police members "engaged in a conspiracy to frame him" by knowingly participating in criminal and intentional misconduct. Id. at *2. The alleged misconduct was egregious, and included coaching testimony, fabricating testimony and planting false evidence. Id. Plaintiff brought a federal civil rights claim against the state actors for this alleged conduct. Id. Plaintiff also sued his defense lawyer, claiming that the lawyer breached his duties to plaintiff by failing to use appropriate care, skill and judgment in defending him against such a nefarious plot. Id. at *3, 9.

Here, Plaintiff similarly alleges it was the victim of a reprehensible scheme in which all

defendants – <u>other than counsel</u> – knowingly participated.  According to Plaintiff, the other

defendants – <u>but not WMD and Drake</u> – defrauded Plaintiff in a variety of ways:

- They lied about their professional backgrounds and concealed their criminal convictions (Compl. ¶¶ 69-73);
- They misrepresented their ownership of intellectual property rights and failed to disclose adverse claims thereto (<u>id.</u> ¶¶ 74-79);
- They represented that clinical trials had been conducted successfully when, in fact, there were virtually no such studies (<u>id.</u> ¶¶ 80-81, 143-46);
- They made false statements concerning operating income and expenses (<u>id.</u> ¶¶ 82-85, 106-17, 126-38, 140-55);
- They reported undocumented loans to the acquisition target as a pretext to loot it after Plaintiff's investment therein (<u>id.</u> ¶¶ 86-88, 152-55);
- They perpetrated their frauds by mail and wire (<u>id.</u> ¶¶ 89-91, 118, 139, 156);
- They withheld and misused intellectual property rights that they had agreed to transfer (<u>id.</u> ¶¶ 92-95);
- They converted transferred purchase monies (<u>id.</u> ¶¶ 96-101);
- They violated non-compete agreements (<u>id.</u> ¶¶ 102-05); and
- They falsely stated that they had not entered into related party transactions (<u>id.</u> ¶¶ 149-50).

Just as in <u>Zimmerman</u>, the claim against counsel here has nothing to do with the

overarching allegations of intentional misconduct against all of the other defendants.  On the

contrary, the claim against counsel asserts that counsel was victimized by the other defendants'

purported scheme in the same manner that Plaintiff was victimized.

Under these facts, <u>Zimmerman</u> held that neither diversity nor federal question could be

found.  <u>Zimmerman</u>, 2006 U.S. Dist LEXIS 62299, at *5.  It then held that no supplemental

jurisdiction existed either.  <u>Id.</u> at *7.  Significantly, <u>Zimmerman</u> held that plaintiff's "legal

malpractice claim is separate and distinct from [his federal] civil rights claims" because the

lawyer – unlike all the other defendants – was not alleged to have engaged in any intentional

misconduct.  The allegations against the attorney were "entirely void of any allegation of

intentional conduct," rendering the state legal malpractice claim "truly" separate and distinct

from the federal civil rights claims. Id. at *8. Also, while plaintiff alleged a "conspiracy" by the other defendants to frame him for a crime, plaintiff did not allege that the lawyer was involved in that conspiracy. According to plaintiff, the lawyer's sole impropriety was an alleged failure to exercise care, skill and judgment in defending him. Id. Because trying the facts relating to the attorney's skill and judgment is a process separate from analyzing the purported criminal conspiracy itself, "plaintiff would not ordinarily be expected to try his civil rights claims and his legal malpractice claim in one judicial proceeding." Id. at *9. Lacking a "common nucleus of operative fact," the court could not exercise supplemental jurisdiction. See also Alston v. Stone, No. 02 Civ. 05338, 2005 U.S. Dist. LEXIS 4426, at *13 n.12 (S.D.N.Y. Mar. 23, 2005) (RICO claim does not provide supplemental jurisdiction over attorney malpractice claim when facts underlying latter claim do not "form part of the same case or controversy" as RICO claim).

This case is on all fours with Zimmerman. Just as there, Plaintiff here makes a series of highly charged allegations against a ring of individuals that it alleges committed criminal conduct. Just as there, Plaintiff here alleges that its attorney breached professional duties to Plaintiff by not ferreting out the criminal conduct before Plaintiff was harmed. And, just as there, Plaintiff's Complaint here makes no allegations whatsoever of intentional misconduct by former counsel. Given that the malpractice claim against WMD and Drake is wholly separate from the fraud-based claims against the other defendants, the Court lacks jurisdiction to hear it. Ray v. Tennessee Valley Auth., 677 F.2d 818, 826 (11th Cir. 1982) (so holding when malpractice claim was "wholly separate from the federal claims both as to the facts necessary to prove the claim and the theory of recovery")[2].

---

[2] The theories of recovery (i.e., the federal claims as contrasted with the single state law claim) and the facts needed to prove those theories, are very different. To state a claim for civil damages under RICO, a plaintiff has two burdens. First, he must allege that the defendant has

The Second Circuit has held that disputes are part of the "same case or controversy" under 28 U.S.C. § 1367 when they derive from a common nucleus of operative fact.  Achtman v. Kirby, McInerney Squire LLP, 464 F.3d 328, 335 (2d Cir. 2005).  To meet this test, the facts underlying the federal and state claims must "substantially overlap" or the federal claim must "necessarily br[ing] the facts underlying the state claim before the court."  Id.  Neither test is met here.  On the one hand, there is no common nucleus of operative fact between Plaintiff's claims against the other defendants and its claims against WMD and Drake because the attorneys' conduct, while purportedly negligent, is not alleged to have been intentionally wrong or criminal in nature.  On the other hand, the factual questions of what reasonable counsel is expected to do in due diligence – or in drafting a purchase agreement – are questions that do not overlap with those of RICO and securities fraud liability against the other defendants.  Accordingly, this Court should dismiss the Complaint as against WMD and Drake for lack of supplemental jurisdiction.

Although the Second Circuit in Achtman found a "common nucleus of operative fact"

---

violated the substantive RICO statute.  Davis v. Lee Pharmacy, Inc. v. Manhattan Cent. Capital Corp., 327 F. Supp. 2d 159 (E.D.N.Y. 2004) To state a claim under Section 1962 (c), a plaintiff must plead (1) that the defendant (2) through the commission of two (2) or more acts, (3) constituting a "pattern" (4) of "racketeering activity" (5) directly or indirectly to conduct or participate in (6) an "enterprise" (7) the activities of which affect interstate or foreign commerce.  See, U.S.A. Certified Merchs. LLC v. Koebel, 262 F. Supp. 2d 319 (S.D.N.Y. 2003).   Second, plaintiff must allege injury by reason of defendants' violation of Section 1962. See, 18 U.S.C. § 1964 (c); Davis Lee Pharmacy, 327 F. Supp. 2nd at 163.

As set forth in Kirk v. Heppt, __ F. Supp. 2d ___, 2008 WL 189993 (S.D.N.Y., 2008), in order to state a claim for legal malpractice under New York law, a plaintiff must adequately allege (1) an attorney-client relationship, and (2) attorney negligence, and (3) which is the proximate cause of  (4) actual damages.  See, also, Nordwind v. Rowland 2007 WL 2962350 (S.D.N.Y., 2007).   To satisfy the elements of approximate cause and actual damages, a plaintiff in a legal malpractice case must show that "but for" the attorneys conduct, the client would have prevailed in the underlying matter or would not have sustained any ascertainable damages.  Trautenberg v. Paul, Weiss, Rifkind, Wharton & Garrison, LLP, 2007 WL 2219485 (S.D.N.Y., 2007).

permitting the trial court to exercise supplemental jurisdiction over a legal malpractice claim that substantially overlapped the federal securities fraud claims over which it had original jurisdiction, id. at 334, the facts of Achtman bear little resemblance to those here.  In Achtman, plaintiffs brought a legal malpractice claim against law firms based on those firms' failure, in a massive securities litigation, to inform them that the accounting firm could be sued, to advise them about the statutes of limitations applicable to such suit and to sue the accounting firm.  Id. at 332.  This Court (Judge Sprizzo) oversaw the securities litigation from at least 1996 through 2002.  Id. at 331.  It dismissed the legal malpractice claim on the merits and exercised supplemental jurisdiction over it to do so.  The Second Circuit affirmed that decision.  Id.  The facts in Achtman "substantially overlapped" because the district court, having overseen the securities litigation for years, was "well-placed to consider the issues that would arise in the malpractice action."  Id. at 336.  The federal court was "intimately familiar with the [law firms'] overall strategy and the time they spent pursuing their clients' interests."  That "familiarity" would "enormously facilitate" resolution of the malpractice claim.  Id.  Re-doing all of this work in a state court unfamiliar with the proceedings would be difficult.

Here, none of the factors in Achtman is present.  This Court is not "intimately familiar" with WMD or Drake's conduct – it knows nothing of the matter.  There is no economy in having this Court hear the professional malpractice claim, which is distinct from the claims of criminal misconduct by the other defendants.  Indeed, any state court can review this Court's findings as to those matters in any state malpractice action.  Further, this Court is no more "well placed" than a state court to review the conduct of WMD or Drake.

Accordingly, this Court should dismiss the Complaint as against WMD and Drake for

lack of subject matter jurisdiction.[3]

**CONCLUSION**

For the foregoing reasons, this Court should dismiss the Complaint as against WMD and

Drake for lack of subject matter jurisdiction.

Dated:  New York, New York
        April 7, 2008

                                        Respectfully Submitted,

                                        ABRAMS, GORELICK, FRIEDMAN &
                                        JACOBSON, PC

                                        By: _____
                                            Barry Jacobs (BJ-0216)

---

[3] Even if the Court could exercise its supplemental jurisdiction here (which it cannot), the Court always retains the discretion not to exercise it.  See Johnson v. Doe, 00 Civ. 3920, 2001 U.S. Dist. LEXIS 2782, at *19 (S.D.N.Y. Mar. 9, 2001) (Magistrate Judge Fox, adopted by Judge Rakoff) (noting that Court has power to decline to exercise such jurisdiction when it is "reasonable and appropriate" to do so).