UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DURAVEST, INC.

                Plaintiff,

-against-

VISCARDI, AG; WOLLMUTH MAHER &
DEUTSCH LLP MASON H. DRAKE, ESQ.,
BRUCE O'DONNELL, CPA, BRUCE
O'DONNELL, CPA, BRUCE O'DONNELL
CPA/PFS, P.A., BIOMEDICAL CONSULTANT
SL, RICHARD MARKOLL, and ERNESTINE
BINDER MARKOLL,

                Defendants.

07 Civ. 10590 (JR)

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
THE MOTION OF WOLLMUTH MAHER & DEUTSCH LLP
AND MASON H. DRAKE, ESQ., TO DISMISS THE COMPLAINT AS
AGAINST THEM FOR LACK OF SUBJCECT MATTER JURISDICTION**

ABRAMS, GORELICK, FRIEDMAN
& JACOBSON, P.C.
*Attorneys for Defendants Wollmuth
Maher & Deutsch LLP and Mason H.
Drake, Esq.*
One Battery Park Plaza – 4th Floor
New York, New York 10004
(212) 422-1200

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................................. ii

PRELIMINARY STATEMENT .............................................................................................................1

ARGUMENT ...........................................................................................................................................3

I.    THE COURT SHOULD DISMISS THE SINGLE STATE LAW CLAIM AGAINST WMD AND DRAKE FOR LACK OF SUPPLEMENTAL JURISDICTION .....................3

CONCLUSION ........................................................................................................................................9

# TABLE OF AUTHORITIES

**Cases**                                                                                                      Page

Achtman v. Kirby, McInerney, Squires, LLP,
    464 F.3d 328 (2d Cir. 2005)..................................................................................8

Alderman v. Pan Am World Airways,
    169 F.3d 99 (2d Cir. 1999)....................................................................................8

Hirsch v. Arthur Andersen & Co.,
    72 F.3d 1085 (2d Cir. 1995)..................................................................................3

Knox v. Orascom Telecom Holding S.A.E.,
    477 F. Supp. 2d 642 (S.D.N.Y. 2007)....................................................................3

Lyndonville Sav. Bank & Trust Co. v. Lussier,
    211 F.3d 697 (2d Cir. 2000)..................................................................................4

Malik v. Meissner,
    82 F.3d 560 (2d Cir. 1996)....................................................................................3

Nowak v. Ironworkers Local 6 Pension Fund,
    81 F.3d 1182 (2d Cir. 1996)..................................................................................8

Promisel v. First Am. Artificial Flowers Inc.,
    943 F.2d 251 (2d Cir. 1991)..................................................................................4

Ray v. Tennessee Valley Auth.,
    677 F.2d 818 (11th Cir. 1982) ..............................................................................7

Solow v. Stone,
    994 F. Supp. 173 (S.D.N.Y. 1998) .......................................................................3

Zimmerman v. City of Eau Claire,
    06-C-085-S, 2006 U.S. Dist. LEXIS 62299 (W.D. Wisc. Aug. 29, 2006)..........1, 2, 7

**Rules and Statutes**

Fed. R. Civ. P. 12(b)(1)..............................................................................................1, 4

28 U.S.C. § 1367(a) ...................................................................................................1, 4

Defendants Wollmuth Maher & Deutsch LLP ("WMD") and Mason H. Drake, Esq. ("Drake") respectfully submit this Reply Memorandum of Law dated May 5, 2008 in support of their motion – pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1367(a) – to dismiss the Complaint of Plaintiff Duravest, Inc. ("Plaintiff"), filed November 26, 2007 (the "Complaint"), as against them for lack of subject matter jurisdiction.

## PRELIMINARY STATEMENT

The focus of the Complaint is an alleged conspiracy, which purportedly involved all of the defendants except WMD and Drake, by which Plaintiff was defrauded into buying a company at an intentionally inflated price. Juxtaposed against eight claims against these other defendants for conspiratorial and intentional wrongdoing, some of which rest on federal law, is a single claim against WMD and Drake for legal malpractice, which derives from state law.

The critical issue underlying all of Plaintiff's federal claims against the other defendants is an alleged scheme whereby such other defendants intentionally conspired to falsely portray the acquired company to have strong financial returns and valid intellectual property. Neither WMD nor Drake is alleged to have participated in the conspiracy, to have known of the scheme or to have committed any intentional wrongdoing whatsoever. Plaintiff's state law claim against WMD and Drake hinges on the wholly different allegation that they were negligent in not having uncovered the other defendants' fraud when they advised Plaintiff in connection with the acquisition. Such claim is too dissimilar to afford supplemental jurisdiction. See Zimmerman v. City of Eau Claire, 06-C-085-S, 2006 U.S. Dist. LEXIS 62299 (W.D. Wisc. Aug. 29, 2006). Therefore, the Court should dismiss the Complaint as against WMD and Drake with prejudice.

Plaintiff's de minimis opposition to the motion to dismiss of WMD and Drake is of no moment. First, it misconstrues the motion as one directed to the Court's discretion. See Pl.

1

Mem. at 1-2.[1] Instead, this motion shows that the Court lacks supplemental jurisdiction altogether. As a result, Plaintiff's references to principles of judicial economy and fairness are irrelevant.

Second, Plaintiff makes no effort whatsoever to explain how its six paltry averments of negligence against WMD and Drake substantially overlap, or necessarily share anything in common with, its approximately-150 paragraphs alleging a conspiracy – which purportedly included all of the defendants except WMD and Drake – to defraud Plaintiff through a litany of intentional misdeeds. Indeed, Plaintiff's effort may fairly be characterized as a single, ipsi dixit assertion that its single state law claim for legal malpractice is "inextricably intertwined" with its eight other claims – including RICO fraud and securities fraud (the only federal claims in the action) as well as common law fraud – against the non-attorney defendants.

Third, Plaintiff does no better with case law. Astonishingly, Plaintiff entirely ignores the case most pertinent to the motion (Zimmerman), which WMD and Drake discussed at length and whose reasoning compels dismissal of the Complaint as against them. And the few cases Plaintiff does cite are easily distinguishable – the court in those cases found a common nucleus sufficient to support exercise of supplemental jurisdiction because the state law claim at issue pertained to an action over which the respective court had previously presided.

---

[1] "Pl. Mem." refers to the Memorandum of Law in Opposition to Defendant Viscardi's Motion Pursuant to 12(b)(1); 12(b)(6), and 9(b); and in Opposition to Defendants WMD, and Mason Drake's Motion Pursuant to 12(b)(1) and 28 U.S.C. § 1367, dated April 28, 2008.

# ARGUMENT

## POINT I

### THE COURT SHOULD DISMISS THE SINGLE STATE LAW CLAIM AGAINST WMD AND DRAKE FOR LACK OF SUPPLEMENTAL JURISDICTION

Plaintiff has the burden of establishing that the Court has subject matter jurisdiction. Knox v. Orascom Telecom Holding S.A.E., 477 F. Supp. 2d 642, 644 (S.D.N.Y. 2007) (citing Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996)). Although the Court must generally accept as true the allegations of the Complaint for purposes of this motion, it may not do so with conclusory and unsupported allegations. See Solow v. Stone, 994 F. Supp. 173, 178 (S.D.N.Y. 1998); see also Hirsch v. Arthur Andersen & Co., 72 F.3d 1085, 1092 (2d Cir. 1995).

Viewed against this standard, Plaintiff has not come close to carrying its burden of establishing that the Court has subject matter jurisdiction to adjudicate the single state law claim against WMD and Drake. As a threshold matter, Plaintiff has not demonstrated federal question jurisdiction over WMD or Drake because Plaintiff's sole claim against them, for malpractice, arises under New York law. See Compl. ¶¶ 195-202. In addition, Plaintiff has not shown diversity jurisdiction over WMD or Drake because Plaintiff and defendant Bruce O'Donnell CPA/PRS, P.A. are both citizens of Florida.[2] See id. ¶¶ 11, 30. Finally, as set forth below,

---

[2] Plaintiff concedes that the Court lacks diversity jurisdiction:

> Defendants WMD and Drake's assertion that the claims against them can or should be dismissed based because [sic] Plaintiff has not plead diversity subject matter jurisdiction is without merit. In the unlikely event that Plaintiff needed to rely on diversity for jurisdiction herein, the Complaint could be amended accordingly, as defendants in this matter have either New York, out of state, or foreign domiciles that are entirely diverse from Plaintiff.

Pl. Mem. at 21. What Plaintiff might do on an amended pleading, if permitted, is not before the Court and should not be considered.

3

Plaintiff has not established supplemental jurisdiction over WMD or Drake.

The Court's supplemental jurisdiction is governed by the following statute:,

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367. Disputes are part of the "same case or controversy" within the statute when they "derive from a common nucleus of operative fact." Promisel v. First Am. Artificial Flowers Inc., 943 F.2d 251, 254 (2d Cir. 1991) (internal citation omitted). To make this determination, the court must assess whether "the facts underlying the federal and state claims substantially overlapped ... [or] the federal claim necessarily brought the facts underlying the state claim before the court." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 704 (2d Cir. 2000). Plaintiff has not met this test.

First, Plaintiff has offered no proof – notwithstanding its availability on a motion under Rule 12(b)(1) – that the facts underlying the multiple federal claims for RICO and securities fraud among co-conspirators substantially overlap the single state claim for legal malpractice or that those federal claims necessarily bring the facts underlying the state claim before the Court.

Second, Plaintiff's federal claims against all of the other defendants and its single malpractice claim against WMD and Drake implicate very different alleged facts. On the one hand, Plaintiff alleges that the defendants – <u>other than WMD and Drake</u> – knowingly conspired to defraud it in an extended and multi-faceted scheme:

- They lied about their professional backgrounds and concealed their criminal convictions (Compl. ¶¶ 69-73);
- They misrepresented their ownership of intellectual property rights and failed to disclose adverse claims thereto (id. ¶¶ 74-79);
- They represented that clinical trials had been conducted successfully when, in fact, there were virtually no such studies (id. ¶¶ 80-81, 143-46);

4

- They made false statements concerning operating income and expenses (id. ¶¶ 82-85, 106-17, 126-38, 140-55);
- They reported undocumented loans to the acquisition target as a pretext to loot it after Plaintiff's investment therein (id. ¶¶ 86-88, 152-55);
- They perpetrated their frauds by mail and wire (id. ¶¶ 89-91, 118, 139, 156);
- They withheld and misused intellectual property rights that they had agreed to transfer (id. ¶¶ 92-95);
- They converted transferred purchase monies (id. ¶¶ 96-101);
- They violated non-compete agreements (id. ¶¶ 102-05); and
- They falsely stated that they had not entered into related party transactions (id. ¶¶ 149-50).

Indeed, in his "declaration" opposing the motion of WMD and Drake, which should be stricken for impermissible argument and as an ill-disguised effort to evade the Court's 25-page brief-length limit, see Ind. R. 2(e), Plaintiff's counsel states that "the crux of Plaintiff's claims [is] [t]hat [defendants] participated in the operation of a criminal enterprise by fraudulently issuing financial statements that they knew or should have known to be substantially and materially false [¶ 82-84, 126-139, 141, 142, 147-150, 163, 207]." Declaration [of Luis F. Ras] in Opposition to Motions of Defendants Viscardi, WMD, and Drake, dated April 27, 2008 ("Ras Decl."), ¶ 25. Of course, there is no mention whatsoever of WMD or Drake in those crucial allegations.

On the other hand, Plaintiff alleges that WMD and Drake were similarly duped by the other defendants, and that their unwitting failure to ferret out the alleged scheme in which they did not participate was negligent. These allegations are set forth in six conclusory paragraphs generally alleging that they "failed to provide and/or render, reasonable and proper sufficient advice, counsel, and perform proper due diligence." Compl. ¶¶ 196-99; see id. ¶¶ 6, 200. Undoubtedly cognizant of the insufficiency of such barebones averments of uninvolved negligence, Plaintiff does not even cite them – let alone explain how they substantially overlap, or are necessarily brought before the Court by, its allegations of the conspiratorial fraud.

Rather, Plaintiff's only "substantive" responses to the motion of WMD and Drake are the

5

following four sentences in its 24-page brief:[3]

- "[T]he claims against WMD and Drake concern their representation of Plaintiff in the course of the very same business dealings that are at the center of this action." Pl. Mem. at 2;
- "They served as counsel for Plaintiff on the transaction, and are alleged to have failed in their duties of representation to Plaintiff, but-for which the transaction would not have been consummated." Id. at 3;
- "The claims against Defendants WMD and Drake, while more limited in scope than as against the other defendants herein, still revolve around and exclusively concern the same set of operative facts, as these defendants' counsel during the course of the transactions at issue forms the basis for Plaintiff's claims against them." Id. at 20; and
- "In the case at bar, involving state law negligence, conversion, contract, malpractice, and federal securities fraud and RICO claims that are inextricably related, and where multiple parties are alleged to have conspired to participate in carrying out the fraud, there is no logical or fair way to concurrently adjudicate such claims in different fora." Id.

These conclusory statements, essentially one ipsi dixit argument of "inextricable" relation, are insufficient to carry Plaintiff's burden of establishing supplemental jurisdiction. As a threshold matter, Plaintiff concedes – as it must – that the claim against WMD and Drake is "more limited in scope than [its claims] against the other defendants." Pl. Mem. at 20. Moreover, with respect to this limited claim against WMD and Drake, Plaintiff does not argue that they participated in the conspiracy. Nor does Plaintiff argue that the attorneys committed any intentional

---

[3] Along with its memorandum, Plaintiff served the Affidavit of Hendrik Hammje, dated April 25, 2008, and the Ras Declaration. The former is directed solely to the motion to dismiss of defendant Viscardi, AG. The latter should, as set forth above, be stricken as violative of the Court's Rules. See supra at __ and Ind. R. 2(e). In any event, the three references to WMD and Drake in its 31 paragraphs add nothing to the "substantive" arguments of its brief. See Ras Decl. ¶ 3 (WMD and Drake's motion ... ask[s] this court to compartmentalize those claims against them, which are inextricably ties [sic] to those against other Defendants, in State Court"), ¶ 23 ("[T]he Viscardi-promoted and brokered deal itself was consummated with the questionable 'help' and services of ... a law firm with offices in New York [Defendant Wollmuth, Maher & Deutsch], and a New York admitted attorney [Defendant Mason Drake]"), ¶ 30 ("It is proper and fair for the claims against [WMD and Drake] to be litigated together with Plaintiff's claims against the others, as the sufficiency and appropriateness of these Defendants' former legal representation of Plaintiff are inextricably intertwined with the claims against the other defendants").

wrongdoing. Under Plaintiff's own logic, therefore, where WMD and Drake are <u>not</u> alleged to have conspired to participate in carrying out the fraud, there <u>is</u> a logical and fair way to concurrently adjudicate such claims in different fora. See <u>id</u>.

Third, Plaintiff has no response to – and therefore ignores entirely – the case that most-closely resembles this one. In that case, <u>Zimmerman v. City of Eau Claire</u>, 06-C-085-S, 2006 U.S. Dist. LEXIS 62299 (W.D. Wisc. Aug. 29, 2006), which WMD and Drake described in three pages, <u>see</u> Attys' Mem. at 7-9,[4] a plaintiff sued his defense attorney for malpractice in defending him from an intentional and criminal conspiracy by a city and its police to frame him. <u>Id</u>. at *2-3, 9. Because the attorney was not alleged to have participated in the conspiracy or to have committed any intentional wrongdoing, the Court determined that the state legal malpractice claim did not arise from a nucleus of operative fact common to the federal civil rights claims and, therefore, held that it could not exercise supplemental jurisdiction over the claim against the attorney. <u>Id</u>. at *8-9. For the same un-rebutted reasons here, the Court should hold that it lacks supplemental jurisdiction over the solitary malpractice claim against WMD and Drake. <u>See also</u> <u>Ray v. Tennessee Valley Auth.</u>, 677 F.2d 818 (11th Cir. 1982) (in action involving federal claims of fraud, court lacked supplemental jurisdiction when malpractice claim was "wholly separate from the federal claims both as to the facts necessary to prove the claim and the theory of recovery") (also not addressed by Plaintiff).

Fourth, the two attorney cases cited by Plaintiff are easily distinguished. In both cases, the court found that state claim against attorneys arose from a nucleus of operative fact common with federal claims because the respective court had presided over extensive prior litigation by

---

[4] "Attys' Mem." refers to the Memorandum of Law in Support of the Motion of Wollmuth Maher & Deutsch LLP and Mason H. Drake, Esq. to Dismiss the Complaint as Against them for Lack of Subject Matter Jurisdiction, dated April 7, 2008.

the defendant attorneys that formed the basis for the claim against the attorneys. In <u>Achtman v. Kirby, McInerney, Squires, LLP</u>, 464 F.3d 328 (2d Cir. 2005), plaintiffs brought a malpractice claim based on the defendant law firms' failure, in a massive securities class action, to provide certain statutes of limitation advice. <u>Id</u>. at 332. The Second Circuit affirmed exercise of supplemental jurisdiction to dismiss the legal malpractice claim, finding substantial factual overlap because the district court, having overseen the securities litigation for at least six years, was "well-placed to consider the issues that would arise in the malpractice action" and was further "intimately familiar with the [law firms'] overall strategy and the time they spent pursuing their clients' interests." <u>Id</u>. at 336. Likewise, in <u>Alderman v. Pan Am World Airways</u>, 169 F.3d 99 (2d Cir. 1999), plaintiff brought a claim based upon the attorneys' legal fees in an underlying action for wrongful death damages. <u>Id</u>. at 101-02. The Second Circuit affirmed exercise of supplemental jurisdiction over the attorney fee claim because the district court "adjudicated the underlying suit regarding wrongful death damages and was already familiar with the relevant facts and legal issues." <u>Id</u>. at 102. In contrast, the Court has no familiarity whatsoever with any prior action to which the solitary malpractice claim against WMD and Drake relates, because there is none.[5]

---

[5] For the same reason (extensive prior involvement of the court with the action to which the state claim related), <u>Nowak v. Ironworkers Local 6 Pension Fund</u>, 81 F.3d 1182 (2d Cir. 1996), which did not even involve a claim against attorneys, is similarly distinguishable. <u>See id</u>. at 1192 ("We find that the magistrate judge, having presided over this case [for more than a year], and having dismissed [plaintiff's] federal claims only nine days before it was set for trial, acted well within his discretion in exercising supplemental jurisdiction over Nowak's related state causes of action").

## CONCLUSION

For the foregoing reasons (and those set forth in the moving papers of WMD and Drake), the Court should dismiss this Complaint as against WMD and Drake for lack of subject matter jurisdiction.

Dated:  New York, New York
        May 5, 2008

                                      ABRAMS, GORELICK, FRIEDMAN
                                        & JACOBSON, P.C.

                                        By: _____
                                        BARRY JACOBS (0216)
                                        *Attorneys for Defendants Wolfmuth*
                                        *Maher & Deutsch LLP and Mason H.*
                                        *Drake, Esq.*
                                        One Battery Park Plaza – 4th Floor
                                        New York, New York 10004
                                        (212) 422-1200

6615
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

DURAVEST, INC.,                                         Docket No.: 07 CIV 10590

                Plaintiff,

   -against-

VISCARDI, AG; WOLLMUTH, MAHER &
DEUTSCH LLP.; MASON H. DRAKE,
ESQ.; BRUCE O'DONNELL, CPA/PFS, P.A.;
RICHARD MARKOLL, BIOMEDICAL
CONSULTANT SL; and ERNESTINE
BINDER MARKOLL,
                Defendant.

--------------------------------------------------------x

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2008, the foregoing Reply Memorandum was filed with the Clerk of the Court and served in accordance with the Southern District's Rules on Electronic Service and Local Rule 5.2 upon the following:

| | |
|---|---|
| Luis F. Ras, Esq.<br>RAS Associates, PLLC<br>Attorneys for Plaintiff<br>Duravest, Inc.<br>Ten Bank Street<br>White Plains, New York 10606 | Ameet Balvant Kabrawala, Esq.<br>Landman Corsi Ballaine & Ford, P.C.<br>Attorneys for Defendant<br>Bruce O'Donnell CPA/PFS, P.A.<br>120 Broadway<br>27th Floor<br>New York, NY 10271 |

Mark W. Lerner, Esq.
KASOWITZ, BENSON, TORRES
& FRIEDMAN, LLP
Attorneys for Defendant
VISCARDI AG
1633 Broadway
New York, New York 10019

**NO OTHER PARTIES HAVE APPEARED**

1

ABRAMS, GORELICK, FRIEDMAN &
JACOBSON, P.C.
Attorneys for Defendant
Wollmuth Maher & Deutsch, LLP.
and Mason H. Drake, Esq.

By: _____
       Barry Jacobs (BJ-0216)
One Battery Park Plaza – 4th Floor
New York, New York 10004
(212) 422-1200